SOUTHERN SURETY CO. v. BEAIRD.*
(No. 1192.)

(Court of Civil Appeals of Texas. El Paso.
Nov. 10, 1921. Rehearing Denied Dec. 1,
1921.)

1. Justices of the peace ⟨key⟩159(7)—In determining amount of appeal bond, costs not included in amount recovered.

On appeal from justice court the costs are not estimated as being a part of the "amount recovered" in fixing the amount of the appeal bond.

2. Justices of the peace ⟨key⟩159(1)—No appeal bond necessary where judgment is for costs.

On appeal from a judgment setting aside an award of the Industrial Accident Board and allowing plaintiff its costs, which defendant paid, defendant could appeal without bond.

3. Master and servant ⟨key⟩398—Notice of compensable injury and certificate of necessity of medical treatment held waived.

Where an injured employé's physician notified the insurer within 30 days after injury, certified to the Industrial Accident Board within two weeks the necessity for further treatment, and thereafter, at least once a week, notified the insurer through its agent of the employé's condition and treatment, but, acting on such agent's assurances that certification to the Board of the necessity for further treatment was not necessary, omitted to further advise it, the insurer waived the giving of such notices and certificates, as required by Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—9, to 5246—11, and was estopped from asserting the want thereof, or any action the Board might have taken had notices and certificates been given, even though such notices and actions of the Board with respect to fees and charges for treatment are of the essence of the insurance contract.

4. Estoppel ⟨key⟩52—Gives effect and meaning to men's actions which common sense and justice dictate.

The principle of equitable estoppel, which stands on the very foundations of right and fair dealing, considers and weighs the conduct of men in their dealings with each other and gives that effect and meaning to their actions which common sense and justice dictate.

5. Master and servant ⟨key⟩385(16)—"Hospital services" within Compensation Act defined.

Care, meals, heat, and artificial light furnished to a disabled employé commensurate with his needs are included in "hospital services," to which such employé is entitled under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—9 to 5246—11), though furnished in a private residence.

6. Master and servant ⟨key⟩404—Evidence as to liability under Compensation Act for hospital service held admissible.

In a suit to set aside an award by the State Industrial Accident Board for hospital services rendered to an injured employé by his father, the court did not err in admitting evidence that

the father had furnished his son with board, lodging, and care, nor in permitting the attending physician to testify that the liability insurer's agent, in its behalf, had authorized the rendition of such services without certifying to the Board the necessity for further medical treatment, as required by Vernon's Ann. Civ. St. Supp. 1918, art. 5246—9, the evidence showing that it was within the apparent scope of such agent's authority to so advise the physician.

Appeal from Eastland County Court; R. L. Rust, Judge.

Suit by the Southern Surety Company to set aside award of Industrial Accident Board to C. W. Beaird. Judgment for defendant, and plaintiff appeals. Affirmed.

D. T. Mason, of Dallas, T. H. McGregor, of Austin, and E. F. Cameron, of El Paso, for appellant.

Harrison, Cavin & Key, of Eastland, and H. C. Peyton, of Brownwood, for appellee.

WALTHALL, J. This case presents a suit originally in the justice of the peace court by appellant, Southern Surety Company, to set aside and cancel an award made by the State Industrial Accident Board to C. W. Beaird, appellee, for hospital services rendered by him to Chester L. Beaird, his son, in the sum of $168.

In the justice court the trial resulted in favor of the Southern Surety Company. An appeal was duly prosecuted by C. W. Beaird to the county court, where a trial de novo was had before the court without a jury, resulting in a judgment in favor of appellee in the sum of $168, from which judgment this appeal is prosecuted.

An agreed statement of facts is found in the record, from which we, with some abbreviations, make the following findings of fact:

On the 19th day of November, 1918, Chester L. Beaird, while in the employment of the Snow Transfer Company, and while in the performance of his duty, was severely burned by a gasoline explosion. After his injury he was taken from Ranger, Tex., to the home of his father, appellee, near Brownwood, Tex., where he was confined to his bed continuously from the time of the accident to May 24, 1919. During all of the time of his confinement and disability he was under the constant care and treatment of a physician, Dr. Brown. On the 21st day of November, 1918, Chester L. Beaird entered into a verbal contract with his father, C. W. Beaird, appellee, whereby, for and in consideration of $1 per day, appellee was to furnish to Chester L. Beaird during his total incapacity care, meals, fuel, light, and other necessaries incident to his sickness and total incapacity. Appellee furnished his son with a room and bed at his farmhouse, and

---

he and his family constantly waited upon and cared for Chester L. Beaird during his sickness and total incapacity for 168 days. Chester L. Beaird gave no notice to the Industrial Accident Board of the accident or his need of medical attention; nor did he give such notice to the appellant, Southern Surety Company. Chester L. Beaird did not receive authority from the Industrial Accident Board or the Southern Surety Company to contract for the medical services or the care and attention furnished him by appellee. Commencing with the second week after the injury and continuing up to the date of the trial of this case, the Southern Surety Company has been paying to Chester L. Beaird a weekly compensation of $13.84 per week, said payments were made through E. B. Henly, an insurance agent.

Within two weeks after the injury of Chester L. Beaird Dr. Brown certified to the Industrial Accident Board the necessity for further medical treatment of Chester L. Beaird, further certifying that he would be totally disabled for several weeks, but the doctor received no authority from the Board for the continuance of medical care and treatment. Within two weeks after the accident Dr. Brown, at the request of Chester L. Beaird, notified E. B. Henly of the condition of Chester L. Beaird, and of his treatment and the necessity for such treatment. Henly told Dr. Brown that his agency had issued a policy of compensation insurance for the Snow Transfer Company, the policy being issued by the Southern Surety Company. Henly suggested that Dr. Brown advise the Industrial Accident Board of the injury and necessity for treatment, which notice was given by Dr. Brown. The Board replied to Dr. Brown that no report had been made of the accident to Chester L. Beaird. Henly advised Dr. Brown that it would not be necessary to make any report, as he fully understood about the matter of the medical treatment by Dr. Brown and at the home of his father, and was satisfied with the treatment and instructed Dr. Brown to continue same. Dr. Brown went to Henly at least once a week for the purpose of notifying him of the condition of Chester L. Beaird and of the necessity for further medical and hospital treatment. Finally Henly notified Dr. Brown that it was not necessary for him to continue to make any further report in regard to the condition and treatment of Chester L. Beaird, as he fully understood the same, and was willing that such treatment, both by Dr. Brown and by the relatives of Chester L. Beaird at the home of his father, should be continued as long as same was necessary. Upon this instruction from Henly Dr. Brown discontinued giving weekly notice to Henly, but did make an occasional report to him. In making such reports to Henly Dr. Brown was acting for himself as to medical atten-

235 S.W.—16

tion, and at the request and for Chester L. Beaird as to the services and treatment then being rendered by his father, appellee, and other relatives.

At the request of Henly, on a number of occasions, Dr. Brown carried weekly compensation vouchers issued by the Southern Surety Company to Chester L. Beaird under the terms of its policy and delivered same to Chester L. Beaird at the home of his father. Dr. Brown then knew of claims of other parties against appellant being paid through the agency of Henly at Brownwood. Henly & Co. are insurance agents and represent appellant at Brownwood.

At the time Dr. Brown first notified Henly of the condition of Chester L. Beaird and of his treatment of him, he also told Henly of the arrangement Chester L. Beaird had made with his father in regard to his father giving him hospital care and treatment. Henly agreed with Dr. Brown that he might go ahead with his medical treatment, and agreed and consented that Chester L. Beaird might be kept at his father's home under the then agreement between the father and son, for a charge by the father of $1 per day for care, treatment, and board.

About the 1st of February, 1919, a traveling representative of appellant was in Brownwood at the office of Henly & Co., and requested Dr. Brown to call at the office for consultation as to Chester L. Beaird. The representative requested Dr. Brown to submit his bill for services rendered and for medicines and dressings used, stating at the time that he did not consider appellant responsible for more than two weeks regardless of the condition of Chester L. Beaird; that the only notice given the Board by Dr. Brown was the notice of December 2, 1918; that Dr. Brown did not receive any authority or notice from the Board authorizing him to continue his professional services to Chester L. Beaird, or to have continued the care and attention and hospital services then being given by appellee at his home.

The reason Dr. Brown gave no further notice was the fact that he relied on the statement of Henly, as above, and to the effect that it would not be necessary to further notify the Board; that notices to him would be all that would be necessary. When Dr. Brown first notified Henly of the accident to Chester L. Beaird and of the medical and hospital treatment he was then receiving, Henly instructed Dr. Brown to continue the medical treatment and hospital services without notifying the Board that he would consent to both the medical and hospital treatment and service without either being ordered by the Board. This Henly repeatedly told Dr. Brown. Both Dr. Brown and appellee relied on the statement of Henly, and for that reason no reports were made to the

Board other than the one made about the 2d of December, 1918.

The case having originated in the justice court, it was agreed on the trial in the county court that the appellant pleaded orally: General demurrer; special exception to appellee's answer that the services rendered to Chester L. Beaird were not hospital services; that it was not shown that the cause for continued hospital services had been certified to the Industrial Accident Board as required by law; "general demurrer as to the means alleged in the defendant's answer, and defendant authorized by E. B. Henly to bind the Southern Surety Company to waive notice to the Industrial Accident Board."

[1, 2] There is no merit in the first assignment complaining of the action of the court in overruling its motion to quash appellee's appeal bond in perfecting the appeal from the justice court and dismiss the appeal from the judgment in the justice court. The judgment in the justice court was in favor of appellant, Southern Surety Company, refusing to allow the award of the Industrial Accident Board, and that it recover its costs, the costs amounting to $4.50, and paid by defendant, Beaird.

Beaird evidently was entitled to appeal. The costs are not estimated as being a part of the "amount of the judgment" in fixing the amount of the appeal bond when one is required to be given, the costs being no part of the "amount" recovered. The bond is exclusive of costs. A fine analysis of the law by Judge Gaines, as it is now written, is found in Yarbrough v. Collins, 91 Tex. 306, 42 S. W. 1052, and later applied by Judge Brown in H. & T. C. Ry. Co. v. Red Cross Stock Farm, 91 Tex. 628, 45 S. W. 375. Beaird could appeal without bond.

[3, 4] Under the second assignment error is cleaimed to the overruling of the general demurrer; the contention being that, unless the attending physician or surgeon certifies the necessity to the Industrial Accident Board and the insurer for additional hospital services during the second or any subsequent week of continuous total incapacity requiring the confinement to a hospital, and from week to week certify to the necessity of another week of hospital services, the insurer is not liable for hospital services furnished the injured employé.

After stating the time, place, and the fact of his injury, and the extent of it (a severe burn from gasoline explosion), it was alleged that Dr. Brown, acting for and at the request of Chester L. Beaird, the injured employé, notified appellant as quickly as he could ascertain the name of the company insuring Chester L. Beaird and within thirty days from the date of the injury, and that within two weeks of the injury, on December 2, 1918, certified to the Industrial Accident Board the necessity for further treatment of Chester L. Beaird, showing that he would be totally disabled for at least six or eight weeks; that thereafter Dr. Brown at least once a week notified appellant through its duly authorized agent, E. B. Henly, of the condition of Beaird, and his treatment; that Henly on each occasion told Dr. Brown that he fully understood the situation and was satisfied with the arrangements for care and treatment of Chester L. Beaird, and for him (Dr. Brown) to go ahead, and that Dr. Brown, acting on the assurances and requests as stated, did continue his treatment; that Dr. Brown told Henly that he wished to comply with all regulations as to certification to the Board and association the necessity for treatment; that Henly assured Dr. Brown that such certification was not necessary, and for him, Dr. Brown, to go ahead; and that, with such assurances from Henly, Dr. Brown omitted to further notify and advise the Board, and thereafter did no more than to advise Henly. Appellee, after pleading the facts as above, alleged that appellant had waived the right to any other notice to the Board and was estopped to now complain of any insufficiency of notice to any concern or board.

It will readily be seen that the petition does not fully comply with the requirements of articles 5246—9 to 5246—11, Vernon Texas Civil Statutes Supp. 1918, but it is insisted by appellee that Henly and the company of which he was a member were agents of appellant, and that the facts pleaded show a waiver by appellant of the certification and notice to the Board, and, as well, notices to appellant as insurer for additional hospital services.

The pleading of appellee and the evidence show that Henly and the company of which he was a member were agents of the appellant, Southern Surety Company, and fully represented it at Brownwood, Tex.; that Henly was kept fully advised by Dr. Brown from week to week of the condition of Beaird, the treatment given him, and the necessity of it, and the services then being given him by his father and the agreed arrangement between Chester L. Beaird and his father for such care. Henly frequently assured Dr. Brown, then representing Chester L. Beaird in the matter of giving the required notices and certificates, that he was informed as to everything necessary for his principal and the Board to know in the premises, and assured Dr. Brown that further notices and certificates would not be necessary, and Dr. Brown and Chester L. Beaird acted upon such assurances.

It is quite evident that appellant's agents had full knowledge of all the facts, and intended to and did surrender and relinquish his principal's right to notices, and any action the Industrial Accident Board might have taken in protecting the rights of appel-

lant by requiring certificates for additional needed treatment and hospital care. We are of the opinion that the answer sufficiently shows that appellant voluntarily waived the giving of the required notices and certificates to the Board, and is now estopped from asserting a want of either notice or certificate, or any action appellant or the Board might have taken had notices and certificates been given. As said in Sovereign Camp, Woodmen of the World, v. Putnam, 206 S. W. 970, the principle of estoppel in equity stands upon the very foundations of right and fair dealing; it considers and weighs the conduct of men in their dealings with each other and gives that effect and meaning to their actions which common sense and justice dictate.

The more difficult question to be decided here seems to be: Does the fact that the law itself forbids a recovery under the act unless the notices are given by the 'employé for the amounts expended or incurred for hospital services, unless the insurer shall have had notice of the injury, and refused, failed, or neglected to furnish it, and that the Board shall regulate all fees and charges for treatment, have the effect to prevent a recovery by the insured, where but for the provisions of the law a recovery could be had by the employé? In other words, are such notices and action of the Board essence of the contract of the insurer to pay for necessary treatment of the injured employé? We have concluded that such notices and action of the Board are essence of the contract, but that, as said by Judge Phillips in Equitable Life Assurance Society of U. S. v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625, concurrent with this principle is always the qualification that this is so, unless there be a waiver or estoppel. Appellant was at all times present in the person of its agent, Henly, and was fully advised at all times of the character of the care and treatment then being furnished the injured employé, and the cost of it to appellant, and by his advice and assurances to Dr. Brown prevented the notices and certificates to be given, which but for such advice and assurances would have been given. We have concluded that, in view of appellee's pleas of waiver and estoppel, the court was not in error in overruling the demurrer.

[5] By the third assignment it is insisted that the special exception to the answer should have been sustained, as the character of the services rendered for which compensation is sought are not hospital services within the contemplation of the Workman's Compensation Act, and do not include board, room, rent, fuel, etc., furnished in a private residence.

It requires no argument to show that a private residence, technically speaking, is not a hospital. The statute provides for hospital services. The issue is presented as to what is included in hospital services. Appellant insists that "hospital services" embraces only treatment received in a hospital, and do not include "hospital care, meals, fuel, light, and other necessaries," for which the charge of $1 per day is made. We do not concur in appellant's contention. The expressions used in the statute are:

"The employé shall be entitled to the medical aid, hospital services and medicines." "Such additional hospital services as are provided in this paragraph shall not be held to include any obligation on the part of the association to pay for medical or surgical services not ordinarily provided by hospitals as a part of their services." "Where such medical aid, hospital service or medicines are furnished by a public hospital or other institution, payment thereof shall be made to the proper authorities conducting the same."

The statute does not specify the services to be rendered other than as above, and the evidence offered does not show what services are ordinarily furnished by hospitals or other institutions. The articles on hospitals we have examined do not specify the services ordinarily rendered by hospitals. We can, however, imagine the inconvenience and utter lack of what would be expected of a hospital service that did not furnish some care, meals, heat when needed, and artificial light to a totally disabled employé. We think the service should at least be commensurate with the need. Again, appellant's agent agreed that the services rendered should be rendered, and the compensation.

What we have said indicates our view on the matter presented by the fourth assignment complaining of the overruling of a special exception to the answer that same did not show that notice had been given to the Board, the employer, or the insurer of the need of hospital services. Evidently the notice provided by the statute vitally affects the liability of the parties entering into the contract of employment, but we hold under the facts of this case that appellant waived the notice. Rice v. Garrett, 194 S. W. 667.

[6] The court was not in error as complained of in the fifth assignment in admitting evidence that appellee had furnished the insured with board, lodging, and care. Nor was the court in error, as complained of in the sixth assignment, in permitting Dr. Brown to testify that Henly, in behalf of the appellant, had authorized the services rendered by appellee to the injured employé, and that it would not be necessary for appellee to certify to the Board the necessity for further medical treatment. To us it seems to have been within the apparent scope of the authority of Henly to have so advised Dr. Brown. We need not repeat the evidence. Henly's authority to speak for appellant as agent is not denied.

The agreed weekly compensation of $13.84 per week for total incapacity of the injured employé for work does not exceed the average weekly wages provided by the statute, and did not include the services rendered by appellee. The seventh and eighth assignments complaining of the judgment for appellee for $168 for services for the care, meals, light, and fuel furnished is overruled.

The court was not in error in overruling appellant's motion for a new trial on the grounds of the errors assigned.

Finding no reversible errors, the case is affirmed.

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes