### LUMBERMEN'S RECIPROCAL ASS'N v. WILMOTH et al. (No. 2918.)

Court of Civil Appeals of Texas. Amarillo. Dec. 7, 1927.

Rehearing Denied Jan. 4, 1928.

1. **Master and servant** ⊙�safe385(16)—**Employers, paying claims of nurses presented to Industrial Accident Board, held properly granted judgment therefor in trial court.**

Judgment against insurer in district court *held* properly rendered in favor of employers paying claims of nurses which had been presented to and acted on by the Industrial Accident Board, since fact that employers had paid claims and asserted their rights by reason of such payment in trial court did not alter status of claims, as having been duly presented to Industrial Accident Board.

2. **Master and servant** ⊙�safe385(16)—**Insurer may be required to pay for services of nurses rendered injured employee while confined to hospital (Rev. St. 1925, art. 8306, § 7).**

Under Rev. St. 1925, art. 8306, § 7, requiring furnishing medical aid, hospital services, and medicines for injured employee during first four weeks of injury, with provision for additional hospital services as may be necessary, insurer may be required to pay for services of nurses rendered injured employee while confined to hospital.

3. **Master and servant** ⊙�safe418(5)—**Submitting totality of employee's incapacitation separately and distinctly from issue of permanency held harmless under evidence.**

Submitting the totality of injured employee's incapacitation separately and distinctly from issue of permanency, if error, *held* harmless, in view of evidence as to total and permanent disability.

**4. Master and servant** ⊕=417(4)—**District court, on appeal from Industrial Accident Board awarding compensation, properly allowed physician's claim presented for first time to court.**

On appeal from judgment of Industrial Accident Board, allowing compensation to injured employee, district court had jurisdiction to allow claim of physician rendering first aid treatment, though claim had not been presented to Industrial Accident Board, since having acquired jurisdiction of the case it had jurisdiction to determine such bill which is only incidental to the main case.

Error from District Court, Armstrong County; Henry S. Bishop, Judge.

Suit by G. T. Wilmoth, employee, against Weeks & Bagwell, employers, and the Lumbermen's Reciprocal Association, insurer, wherein W. A. Carroll intervened in the cause in the district court. Judgment affirming an award by the Industrial Accident Commission, and the insurer brings error. Affirmed.

Touchstone, Wight, Gormley & Price and Robert B. Holland, all of Dallas, for plaintiff in error.

Cooper & Lumpkin, of Amarillo, and J. S. Stallings, of Claude (C. F. Cornell, of Dallas, of counsel), for defendants in error.

RANDOLPH, J. This suit is an appeal from a judgment of the Industrial Accident Board in the case of G. T. Wilmoth, Employee, v. Weeks & Bagwell, Employers, and Lumbermen's Reciprocal Association, Insurer.

It was agreed that on July 3, 1926, G. T. Wilmoth was in the employ of Weeks & Bagwell, employers, subject to the Texas Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), and protected by a policy issued by the insurer; that on said date, Wilmoth, in the course of his employment by Weeks & Bagwell, suffered an injury which he duly reported to his employers and the Industrial Accident Board, within the statutory time; that he made claim for compensation to the Industrial Accident Board within the statutory period; that said board entered its final judgment January 31, 1927, allowing Wilmoth compensation at the rate of $17.31 per week for 400 weeks from July 11, 1926, less a credit of the total sum of all previous payments of compensation, allowing the bill of Drs. Lumpkin and Marsalis for $876 to the extent of $444—the latter sum being the amount incurred before the expiration of the first 4 weeks following the injury to Wilmoth, allowing the claims of Miss Pricilla Hodges for services rendered in nursing in the sum of $77, the claim for similar services of Mrs. Lloyd Bassett, $24, Miss Pearl Dunscomb in the sum of $224, Miss R. Wirt in the sum of $922, Mrs. W. F. Reed for $38.50, Miss Snyder, $43, Miss Hanson, $8,

also allowing Weeks & Bagwell's claim of $100 for attorneys' fees for presenting Wilmoth's claim to the Industrial Accident Board, and allowing the claim of St. Anthony's Sanitarium in the sum of $684.35, less a credit of whatever sum had been paid on its bill, denying Wilmoth a lump sum settlement, and denying a reduction in the compensation period and a corresponding increase in the compensation rate. It was further agreed that the Lumbermen's Reciprocal Association, within 20 days from the date of said awards, gave notice to the Industrial Accident Board and to all interested parties that said award would not be abided by and within 20 days thereafter it filed suit in the district court of Armstrong county to set aside such award.

Wilmoth, in his answer, filed in the district court, pleaded total and permanent incapacity and for a lump sum settlement. Dr. W. A. Carroll intervened in the cause in the district court, alleging that he had furnished first aid treatment to Wilmoth, at the request and instance of said Wilmoth, and prayed for a recovery of $60 from the insurer, as the reasonable value of his services.

Drs. Lumpkin and Marsalis answered, alleging that during the first 28 days after the injury to Wilmoth, they rendered him necessary material medical aid and treatment in the sum of $224 and performed two necessary surgical operations of the value of $220, making a total of $444, for the first four weeks after the injury, that during the next 108 days they rendered Wilmoth necessary medical aid and treatment in the sum of $432, making a total for the two periods of $876, and prayed for the recovery of that sum from the insurer.

Weeks & Bagwell answered, and alleged that they had paid nursing charges, itemizing them, to the extent of $1,295, and prayed for judgment therefor against the insurer.

St. Anthony's Sanitarium answered and alleged that it had furnished hospital services and medicines to Wilmoth, itemizing their bill, in the sum of $684.35, except the sum of $41.75, pleaded as paid for a special nurse from July 3 to August 18, 1926, and crediting their bill with the sum of $542.25, and praying for the recovery of the balance $142.10.

Each of the above-named nurses answered, alleging that they had each performed the services for Wilmoth at his instance and request, and praying for the recovery therefor.

The plaintiff in error, in its first supplemental petition, by way of plea in abatement to the actions of Weeks & Bagwell and Dr. Carroll, pleaded a lack of jurisdiction in the trial court to try the case before the said defendants had presented their respective claims to the board for adjudication. The trial court overruled this plea and also overruled plaintiff's general demurrer and special exception.

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Plaintiff further specially pleaded payment of compensation to Wilmoth for 27 weeks at the rate of $17.31 per week, and asked to be given credit therefor.

The case was submitted to a jury on special issues, and upon their answers to the issues, the trial court rendered judgment, first, in favor of Wilmoth in the sum of $17.31 per week for a period of 400 weeks, to be paid in a lump sum; that the amount of said lump sum judgment for the sum then due, after allowing for weekly payments made by insurer, and allowing 6 per cent. interest on overdue payments in the sum of $5,377.01, was ordered to be paid by the insurer; and, further, that the insurer pay out of the sum so adjudged to be due said Wilmoth, to J. S. Stallings and Cooper & Lumpkin, attorneys, the sum of $1,209.82, which shall be considered a payment upon said judgment and shall pay over the balance thereof to the said Wilmoth.

The court further decreed recovery in favor of Lumpkin and Marsalis in the sum of $876, with interest, and in favor of said St. Anthony's Sanitarium for the sum of $142, and disposed of the answers of the nurses above named by dismissing same, for the reason that their claims were then owned and possessed by Weeks & Bagwell, and, further, that Weeks & Bagwell recover the sum of $1,295, paid out by them on said nurses' claims; also rendered judgment in favor of Dr. W. A. Carroll for $60.

Plaintiff in error, by its first proposition, presents alleged error, in that it is charged that the claim of Weeks & Bagwell was never presented to the Industrial Accident Board before suit was filed on same.

[1] The judgment rendered in favor of Weeks & Bagwell was rendered because of the payment by them of the claims of the nurses, which claims had been presented to and acted on by the Industrial Accident Board; hence the fact that Weeks & Bagwell had paid them and asserted their rights by reason of such payment, in the trial court, did not alter the status of the claims, as having been duly presented to the Industrial Accident Board. It further appears that the plaintiff in error knew that all of these services were being performed, and that Wilmoth, Weeks & Bagwell, and the hospital were looking to it for payment of the same; that Bagwell, one of the employers, as late as September 25, 1926, many weeks after the 4 weeks period had elapsed, had written the insurance association about same, and that the association was writing to Weeks & Bagwell and requesting itemized statements of the amounts paid the special nurses, and that before Weeks & Bagwell paid the nurses, they wrote the insurer, explaining to it that it was necessary to pay the nurses weekly in order to keep them on the job, and that they were paying them and would look to

1 S.W.(2d)—27

the insurer for reimbursement. We overrule this contention. Texas Employers' Insurance Ass'n v. Drummond (Tex. Civ. App.) 267 S. W. 335 (writ denied).

[2] It is further presented that the action of the trial court was erroneous in rendering judgment in favor of Weeks & Bagwell and in favor of St. Anthony's Sanitarium, for the reasons that the insurer is not required by law to furnish the services of nurses to an injured workman; that, if the plaintiff in error was required to furnish such nurses' services, such requirement continues only for the 4 weeks succeeding the injury; that, the plaintiff in error being only required by law to furnish medical services for a period of 4 weeks after the injury, the judgment for services rendered for subsequent weeks was erroneous.

The questions here presented involve a construction of the language of the compensation statute. Article 8306, § 7, Revised Civil Statutes 1925, provides:

"During the first four weeks of the injury, dating from the date of its infliction, the association shall furnish reasonable medical aid, hospital services and medicines. If the association fails to so furnish same as and when needed during the time specified after notice of the injury to the association or subscriber, the injured employé may provide said medical aid, hospital service and medicines at the cost and expense of the association. The employé shall not be entitled to recover any amount expended or incurred by him for said medical aid, hospital services or medicines nor shall any person who supplied the same be entitled to recover of the association thereof, unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time. At the time of the injury or immediately thereafter, if necessary, the employé shall have the right to call in any available physician or surgeon to administer first aid treatment as may be reasonably necessary at the expense of the association. During the fourth or any subsequent week of continuous total incapacity requiring the confinement to a hospital, the association shall, upon application of the attending physician or surgeon certifying the necessity therefor to the Industrial Accident Board and to the association, furnish such additional hospital services as may be deemed necessary not to exceed one week, unless at the end of such additional week the attending physician shall certify to the necessity for another week of hospital services or so much thereof as may be needed. Such additional hospital services as are herein provided shall not be held to include any obligation on the part of the association to pay for medical or surgical services not ordinarily provided by hospitals as a part of their services."

The services to be rendered by the hospital and those coming under the head of medical and surgical services are not specified by the statute, but we must give the language of the statute a common sense application. A hospital must be operated in such manner as to

afford the patient all things necessary to enable him to be properly maintained at such hospital. The plaintiff in error cites no authority to sustain its allegation of error or in any wise to sustain its construction of the language of the statute.

In the case of Southern Surety Co. v. Beaird (Tex. Civ. App.) 235 S. W. 240, 243, the El Paso court, passing upon a like question as that here urged, says:

"The statute does not specify the services to be rendered other than as above, and the evidence offered does not show what services are ordinarily furnished by hospitals or other institutions. The articles on hospitals we have examined do not specify the services ordinarily rendered by hospitals. We can, however, imagine the inconvenience and utter lack of order to be expected of a hospital service that did not furnish some care, meals, heat when needed, and artificial light to a totally disabled employee. We think the service should at least be commensurate with the need."

The Supreme Court dismissed the application for writ of error in that case, for the want of jurisdiction, and we take it that such action by the Supreme Court, to say the least, indicates that no error of importance to the jurisprudence of the state was presented by the application. Our ruling on this question applies to plaintiff in error's third, sixth, seventh, and eighth propositions.

Plaintiff in error also assigns as error that, there being no evidence that an application had been made to the insurer by the attending physician, certifying the necessity for hospital services beyond the first 4 weeks of Wilmoth's injury, the trial court erred in rendering judgment for such services for a period beyond that date. We cannot understand why counsel should assign as error, for lack of evidence, the action of the trial court in rendering a judgment which is based upon uncontradicted evidence. The evidence shows that Dr. Lumpkin notified the Industrial Accident Board, and also the insurer for each week after the expiration of the first 4 weeks, of the necessity of further hospital services and medical and surgical treatment, as required by the statute, and that he received a reply from the board every week in answer thereto and authorizing further treatment.

[3] Error is also predicated upon the right of plaintiff in error to have the totality of the incapacitation of Wilmoth submitted separately and distinctly from the issue of permanency. If there was any question as to the total and permanent disability of Wilmoth, the error assigned might present a serious question; but there is none. Wilmoth is shown to have lost one leg, it having been amputated at the thigh; as to his other leg, there was no hope that he could ever recover as much as 25 per cent. of its use; that he is a common laborer and has no trade or profession and knows no occupation requiring only the use of his hands. This is shown by undisputed evidence, and the error, if it was error, in thus submitting the issues, was harmless.

[4] It is also assigned as error that the district court was without jurisdiction to allow the claim of Dr. Carroll, who rendered first aid treatment and whose claim was not presented to the Industrial Accident Board, but was for the first time presented to the district court for allowance. To sustain this contention, the plaintiff in error cites and quotes from Texas Employers' Ins. Ass'n v. Nelson, 292 S. W. 651, decided by this court. In that case, the question of appeal by the injured party from the award of the Industrial Accident Board was being considered. The case of Mingus v. Wadley, 115 Tex. 551, 558, 285 S. W. 1084–1087, by the Supreme Court was quoted from, wherein the Supreme Court held:

"Each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies."

A reading of the Mingus Case and the Nelson Case will show that the question being considered in each was the appeal of the injured parties and the steps necessary to vest the district court with jurisdiction, as required by statute. Those cases did not consider such claims as are incidental to the care and treatment of the injured party, but only involved the complaint of injury to the party himself. This was *the* case, and when jurisdiction of that cause of action was held to be properly vested in the district court, that court then had jurisdiction of all matters incidental to the main case. It was absolutely necessary that an injury to the complainant be established before the Industrial Accident Board, or, on appeal, in the district court, before any claim could be made for services rendered the injured party. Such services cannot be recovered against the employer or the compensation company independent of the main suit. Consequently, the claim designated by the statute is the claim of the injured employee. The bills for hospital services and medical attention are only incidental to the main case, in which the injured party or the party appealing must show jurisdiction in the district court.

The district court having acquired jurisdiction of the case, it has thereafter jurisdiction to determine any issue arising in the case. Lumbermen's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 114, 246 S. W. 75; Millers' Indemnity Underwriters v. Hughes (Tex. Civ. App.) 256 S. W. 334, 336; Georgia Casualty Co. v. Campbell (Tex. Civ. App.) 266 S. W. 854, 857.

Having considered all assignments of error, and finding no reversible error, we affirm the judgment of the trial court.