**TRAVELERS INS. CO. v. DICKSON.**
**No. 1937.**

District Court, S. D. Texas,
Houston Division.

May 11, 1946.

Baker, Botts, Andrews & Wharton, William Ryan and Thos. Marion Phillips, all of Houston, Tex., for plaintiff and cross-defendant.

George S. King and Maurice M. Davis, both of Houston, Tex., for defendant and cross-plaintiff.

HANNAY, District Judge.

The material facts in this case have been stipulated and agreed to, and are as follows:

## Findings of Fact

1. Arthur Dickson was on November 17, 1942, an employee of the Houston Shipbuilding Corporation, now known as the Todd-Houston Shipbuilding Corporation, which was insured by The Travelers Insurance Company under the terms of the Workmen's Compensation Act of the State of Texas.

2. On November 17, 1942, Arthur Dickson, while engaged in the scope of his employment, received accidental injuries arising out of and originating in his employment, as a result of which since November 17, 1942, he has been continuously disabled from engaging in any form of labor, and he will for so long as he survives continue to be totally disabled within the meaning of the Workmen's Compensation Act of the State of Texas.

3. Arthur Dickson is entitled to receive the sum of $20 per week for the period beginning November 17, 1942, until the end of the period of 401 weeks after November 17, 1942, or until his death prior thereto, and the obligation of The Travelers Insurance Company to make such payment to him is not included in the award in this case, and not involved in this lawsuit.

4. Since November 17, 1942, Arthur Dickson has continuously been confined at St. Joseph's Infirmary in the City of Houston, Harris County, Texas, his hospitalization having been necessary at all times since November 17, 1942, and his hospitalization will continue to be necessary so long as he shall survive.

5. The Travelers Insurance Company gave notice to Arthur Dickson, as shown by the record, on July 27, 1945, that it would no longer be responsible for his

medical service, nursing service and hospitalization, and has not, since that date, paid any part of those services. This suit is brought to recover the value of such services from and after July 28, 1945, to date and in the future, so long as Arthur Dickson shall live, not to exceed 401 weeks from and after November 17, 1942.

6. The value of the hospitalization furnished by St. Joseph's Infirmary to Arthur Dickson from and after July 28, 1945, to this date is $48.65 per week, and the value of the future hospitalization which he will need will be the sum of $48.65 per week, the aggregate from July 28, 1945, to January 7, 1946, being $1,135.25, which has not been paid by The Travelers Insurance Company.

7. If The Travelers Insurance Company should be liable for medical charges, which is not admitted, but which on the contrary is denied, the reasonable value of the same since July 28, 1945, is and has been, and will be in the future, $5 per month.

8. Since July 28, 1945, Arthur Dickson has had the services of only one full time nurse, who is on duty from 7 a. m. to 3 p. m. each day, her charges for her services being $8 per day, which is reasonable, usual and customary, and the number of days that she has been on duty being 160 up to January 7, 1946, the charge for which aggregates $1,280, which has not been paid by The Travelers Insurance Company, but by money loaned to Arthur Dickson by his sister.

9. For his reasonably proper care, Arthur Dickson should have in the future, and should have had, but has not had in the past, since July 28, 1945, two such nurses, the reasonable value of the services of which are $16 per day.

10. The file of exhibits from the Industrial Accident Board (Exhibit D–7), introduced by the attorneys for Dickson, reflects completely the situation as to certification of necessity for hospitalization in the past, and it is conceded that hospitalization will be necessary in the future, the question of whether certification thereof is necessary being a question of law for the Court to determine.

11. On October 4, 1945, the Industrial Accident Board entered its award requiring payment of $175 per week to Dickson for hospitalization, medical care and nursing for an indefinite period, not to exceed 401 weeks from November 17, 1942, which award is in evidence for jurisdictional purposes. Within 20 days after the date of said award, notice of intention to appeal therefrom was given by The Travelers Insurance Company, and this suit was filed within 20 days after the giving of such notice.

12. The testimony as to whether the services rendered by the nurses hereinbefore referred to are a part of the ordinary services furnished by hospitals is fully covered by the testimony of the witnesses herein.

13. The record reflects the source of the payment of all expenses for hospitalization, medical service and nursing service prior to July 28, 1945.

14. Subject to the right of The Travelers Insurance Company to assert that the award of the Industrial Accident Board above referred to is interlocutory and not final, and therefore not such an award as gives the Court jurisdiction to enter any judgment, it is agreed that should the Court find that the amounts to be paid in the future should be paid week by week during Dickson's life, not to exceed 401 weeks from November 17, 1942, neither party will object to the judgment for lack of finality because of such future requirements, if any, of the judgment.

15. This stipulation includes and covers all of the facts upon which this case is to be decided, except such facts as are shown by the file of exhibits from the Industrial Accident Board introduced by attorneys for Dickson, and except such facts as are shown by the testimony of Dr. Cecil M. Crigler, Sister Mary Fidelis, Mrs. Leta Langston, Mrs. Arthur Dickson and Allen C. Watson on the question of whether the Registered Nurses' services are a part of the services ordinarily furnished by hospitals, together with the letter of July 27, 1945, written by The Travelers Insurance Company to St. Joseph's infirmary, with a copy to Dickson.

## Conclusions of Law

The Travelers Insurance Company urges as a bar to the recovery sought herein, two propositions:

1. The award of the Industrial Accident Board, which was appealed from in this case, is not a final ruling or decision of the Board, and is, therefore, not appealable.

2. Under the terms of the Workmen's Compensation Act of the State of Texas, the insurer could not be held liable for expenses of private nursing beyond 91 days after the accident occurred.

I will discuss these two propositions in the order in which they have been set out above:

The Travelers Insurance Company contends that there was no final award in this case because the award deals with the subsequent care and treatment of Dickson and does not purport to dispose of the case as a whole.

Lumberman's Reciprocal Ass'n v. Warren, Tex.Civ.App., 272 S.W. 826, is a case in which the award was made for an indefinite period. This was attacked by the insured, but the Beaumont Court of Civil Appeals held that the award was a final one and, as such, was appealable. In the case of Vestal v. Texas Employers Ins. Ass'n, Tex.Com.App., 285 S.W. 1041, in an opinion by the Commission of Appeals of Texas, which opinion was adopted as the judgment of the Supreme Court, the position of the Industrial Accident Board was defined as a "quasi judicial agency."

The pleadings of The Travelers in this case, in paragraph three of the original petition, contain the following language: "Heretofore, on or about the 4th day of October, 1945, the Industrial Accident Board of the State of Texas, in its Docket No. C 5470, entitled Arthur Dickson, employee vs Houston Shipbuilding Corporation, employer, The Travelers Insurance Company, insurer, made and rendered its *final* ruling, decision and award." (Italics added).

In this same connection, it is claimed by Dickson that all prerequisites of notice have been duly given and that the Act has been complied with on the question of notice. Dickson cites Texas Employers Ins. Ass'n v. Drummond, Tex.Civ.App., 267 S. W. 335 (writ of error refused), where, as in this case, the agents of the cross-defendant had notice of all that was being done in the case.

In Security Union Casualty Co. v. Roberts, Tex.Civ.App., 298 S.W. 164, in many respects similar to the instant case, the insurer expressly notified the injured party, in writing that it would not pay after the expiration of four weeks from date of injury and denied liability for hospital expenses. The Court held, on that point, that by such notification it was thereafter unnecessary for the injured employee to further notify the insurer, weekly, or at all, or to make claim prior to furnishing hospital services, or to notify it of extension of time for hospital services.

All the cases cited by The Travelers Insurance Company in connection with Proposition No. 1, were cases of hernia, which I do not believe applicable or controlling in the instant case.

Let us now consider Proposition No. 2. The statutory law to be construed here,— Section 7 of Art. 8306, Vernon's Revised Civil Statutes of Texas, reads as follows:

"Art. 8306, Sec. 7. Medical aid, hospital services and medicines.

"Sec. 7. During the first four weeks of the injury, dating from the date of its infliction, the association shall furnish reasonable medical aid, hospital services and medicines. During the fourth or any subsequent week, upon application of the attending physician certifying the necessity therefor to the Board and to the Association, the Board may authorize additional medical attention not to exceed one (1) week, unless at the end of such additional week the attending physician shall certify to the necessity for another week of medical attention or so much thereof as may be needed, but in no event shall such medical attention be authorized for a period longer than ninety-one (91) days from date of injury. If the association fails to so furnish same as and when needed during the time specified after notice of the injury to the association or subscriber, the injured employé may provide said medical aid,

hospital service and medicines at the cost and expense of the association. The employé shall not be entitled to recover any amount expended or incurred by him for said medical aid, hospital services or medicines nor shall any person who supplied same be entitled to recover of the association [therefor], unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time. At the time of the injury or immediately thereafter, if necessary, the employé shall have the right to call in any available physician or surgeon to administer first aid treatment as may be reasonably necessary at the expense of the association. During the fourth or any subsequent week of continuous total incapacity requiring confinement to a hospital, the association shall, upon application of the attending physician or surgeon certifying the necessity therefor to the Industrial Accident Board and to the association, furnish such additional hospital services as may be deemed necessary not to exceed one week, unless at the end of such additional week the attending physician shall certify to the necessity for another week of hospital services or so much thereof as may be needed. Such additional hospital services as are herein provided shall not be held to include any obligation on the part of the association to pay for medical or surgical services not ordinarily provided by hospitals as a part of their services. Acts 1917, p. 269; Acts 1923, p. 384; Acts 1939, 46th Leg., p. 712, § 1."

The question to be decided is: Whether after 91 days, as in this case, further nursing is imperatively necessary, the insurer can, by reason of the above statute, discontinue private nursing.

■ Both parties to this lawsuit have referred to the case of Southern Surety Co. v. Beaird, Tex.Civ.App., 235 S.W. 240, 243, decided by the El Paso Court of Civil Appeals, in which case writ of error was dismissed for want of prosecution on February 25, 1922.

It is true that this case does say: "The statute does not specify the services to be rendered other than as above, and the evidence offered does not show what services are ordinarily furnished by hospitals or other institutions." However, on page 243 of 235 S.W. of the Beaird opinion, is contained the following: "The articles on hospitals we have examined do not specify the services ordinarily rendered by hospitals. We can, however, imagine the inconvenience and utter lack of what would be expected of a hospital service that did not furnish some care, meals, heat when needed, and artificial light to a totally disabled employé. *We think the service should at least be commensurate with the need.*" (Italics supplied.) The last sentence, to-wit: "The service should at least be commensurate with the need," I, too, believe to be the test of the kind of services the injured employee is entitled to receive. The test is not what nursing services ordinary hospitals would ordinarily furnish to an ordinary patient, but whether the nursing services should be such as are necessary and reasonable for the particular patient, taking into consideration his individual condition and need.

In Lumberman's Reciprocal Ass'n. v. Wilmoth, Tex.Civ.App., 1 S.W.2d 415, 417, where the same portion of the statutes here under consideration, was under discussion, the Amarillo Court of Civil Appeals held as follows: "Such additional hospital services as are ordinarily provided shall not be held to include any obligation on the part of the association to pay for medical or surgical services not ordinarily provided by hospitals as a part of their services." But the Court further said: "[That] the services to be rendered by a hospital and those coming under the head of medical and surgical services, are not specified by the statutes but we must give the language of the statute a *common sense* application. *A hospital must be operated in such a manner as to afford a patient all things necessary to enable him to be properly maintained at such hospital.*" (Italics supplied.)

In Commercial Casualty Co. v. Hilton, Tex.Civ.App., 55 S.W.2d 120, 127, Austin Court of Civil Appeals, where the question of proper nursing care of a plaintiff was discussed at length, the following conclusion was announced: "The care, meals, medical attention, etc., furnished to a disabled employee *commensurate with his rea–*

*sonable needs* are included in hospital services, and need not be furnished in a hospital, but may be furnished in a private residence. Southern Surety Co. v. Beaird, Tex.Civ.App., 235 S.W. 240." (Italics supplied.)

Likewise, in the case of Maryland Casualty Co. v. Hendrick Memorial Hospital, Tex.Civ.App., 169 S.W.2d 965, 967, that Court states: "The Legislature, by this enactment, evidently created a right beneficial to the injured employee and protective in its nature to the one rendering an employee such services under the circumstances. It seems to us that if there is any doubt concerning the ability of the physician or hospital to assert his or its remedy under this provision of the statute, such doubts should be resolved, under the general rule construing such statutes, in favor of the employee, and the person rendering the service, which the litigants herein agree was rendered under the circumstances requiring the same and for consideration admitted to be reasonable in amount." To the same effect is Texas Indemnity Ins. Co. v. Williamson, Tex.Civ.App., 109 S.W.2d 322, at page 326.

█ Based on the above cited cases, it is my opinion and holding that the injured employee is legally entitled to receive from the insurer, for a period of time not exceeding 401 weeks from the date of injury, the type of nursing necessary for his proper care and essential to his welfare.

I find that Mrs. Leta Langston, the full time nurse who has been in attendance on this case for over two years, was called by St. Joseph's Infirmary for the Dickson case, but that such payments to her as have been made since The Travelers Insurance Company stopped paying three full time nurses for 160 weeks, have been paid by Dickson, or his relatives for his benefit.

It, therefore, follows, and it is my opinion, that The Travelers Insurance Company should pay for the unpaid services of the hospital and a full time nurse from July 28, 1945, to January 7, 1946, and that The Travelers Insurance Company should be required to pay for such services at the rate of $160.65 per week for as long as Dickson shall live, not, however, to exceed 401 weeks from the date of his injury.

Let judgment be drawn in accordance with this opinion.