CATHEY & CARRELL ET AL. V. C. V. TERRELL, RAILROAD COMMISSIOER, ET AL.

Motion No. 10,020. Decided January 27, 1932.
(45 S. W., 2d Series, 956.)

*Sullivan & Wilson,* of Dallas, for relator.

MR. JUDGE LEDDY, of the commission, delivered the opinion for the court.

The relators, Roy Cathey, Tommie Carrell and Bilbo Transportation Company, a Texas corporation, have filed in the Supreme Court an original proceeding for mandamus against the members of the Railroad Commission of this state. Relators allege that on and prior to October 15, 1931, they owned a large number of automobile trucks which they operated as contract carriers, as defined by House Bill No. 335, Acts 42nd Legislature; that on September 12, 1931, they filed an application with the Railroad Commission for a permit to operate upon the highways of Texas as contract carriers, and that such application in all things complied with the terms and provisions of said House Bill No. 335; that a hearing was duly had on said application before a member of the Railroad Commission at Dallas on November 18, 1931, at which time it was shown by the testimony offered by relators that they were engaged, under a ten-year contract, in hauling and transporting goods, wares and merchandise for the Great Atlantic & Pacific Tea Company and that at no time did relators solicit for nor receive merchandise for any other person, firm or corporation; that the testimony given on this hearing was reduced to writing and that a transcript thereof is now and has been for a period of five weeks in the possession of each member of the Railroad Commission.

It is further averred that one of the railroad commissioners admitted to the relators that he individually was ready to act upon said application and had been since he had received the written report of the testimony taken at the Dallas hearing.

It is also averred that although it has been five weeks since the written report of the testimony taken on the hearing of relators' application for permit has been placed in possession of each member of the commission, it has not acted upon said application and that an unreasonable time has elapsed for said body to consider and reach a decision as to whether such application should be granted or refused.

Relators seek permission to file their petition for mandamus to compel the Railroad Commission to decide whether they are entitled to the permit applied for.

This court is unable to say, as a matter of law, that an unreasonable time has elapsed for action upon relators' application for a permit by the Railroad Commission, since the members of said commission have been furnished with a transcript of the evidence taken on the hearing of said application.

In determining whether the commission has delayed beyond a reasonable time in acting upon relators' application for permit, we must take into consideration the duties imposed upon the commission by the law under which such permit is sought. This law required all persons, firms and corporations desiring to operate a truck as a common carrier upon the public highways to file an application for permit. The Railroad Commission is required to hold a hearing upon all such applications at which certain facts must be shown in order for the Railroad Commission to exercise its discretion as to whether such application should be granted or refused. This court judicially knows that under this law a large number of applications for permits have been filed with the Railroad Commission. It is further known that in order to facilitate acting on these applications, it was necessary for hearings to be held by individual members of the Railroad Commission. Testimony taken before each commissioner is reduced to writing. Other members of the commission must in some manner familiarize themselves with all of this testimony. Relators' application cannot be judged as if it were an isolated case, but must be considered in the light of the fact that it is necessary for all members of the commission to familiarize themselves with the testimony taken on behalf of all applications for a permit under such law. When such fact is taken into consideration, we cannot say, as a matter of law, that failure to act upon relators' application

for five weeks after a transcript of the testimony is in the hands of each commissioner constitutes an unreasonable delay.

While the petition in this case shows that one of the railroad commissioners is familiar with the testimony taken upon relators' application for a permit and ready to act thereon, it fails to show that the other members of the commission have had sufficient time to properly consider such testimony, taking into consideration their duty to familiarize themselves with the testimony upon the large number of similar applications pending before them.

We recommend that the relators' application for leave to file petition for mandamus be refused without prejudice to their right to again present such petition when they are able to show that their application for permit has been delayed for an unreasonable time.

The opinion of the commissioner is adopted, and the motion for leave to file is overruled.

C. M. CURETON, Chief Justice.