## COMMERCIAL STANDARD INS. CO. v. CITY MEMORIAL HOSPITAL et al.

### No. 3156.

Court of Civil Appeals of Texas. Beaumont.
July 18, 1937.

Rehearing Denied July 14, 1937.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Adams & McAlister, of Nacogdoches, for appellees.

O'QUINN, Justice.

Appellant sued appellee to set aside an award of the Industrial Accident Board in favor of appellee City Memorial Hospital. The award was in favor of the hospital in the sum of $607.40 for the hospitalization of one J. D. Edwards, an injured employee of R. W. McKinney, under the compensation law. Appellee City Memorial Hospital was duly served with citation to appear and answer on September 14, 1936.

On September 15, 1936, appellee answered setting up the usual and necessary allegations required by law to recover on its claim for compensation in the form of charges for hospitalization of an injured employee rendered services under the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.). September 15, 1936, was appearance day of the term of court. The answer was duly filed. No jury had been demanded, and the nonjury docket of civil cases was up for setting and for trial. No one was present to represent appellant. At the request of appellee the court set the case for trial on the afternoon of that day, September 15, 1936. About the middle of the afternoon of that day the cause was called and no representative of appellant was present. Appellee appeared and announced ready and the case was tried upon evidence adduced by appellee, and judgment rendered for appellee in the sum claimed, $607.40. Motion for a new trial was filed by appellant on September 24, 1936, which was duly heard and overruled. This appeal is from that order.

The record reflects: That on December 9, 1935, Edwards, the employee, was injured in the course of his employment. That his employer, R. W. McKinney, carried compensation insurance with appellant covering its employees. That Edwards, the injured employee, was placed in the hospital by the manager in charge of the employer's work for treatment, which fact was made known to appellant. That Edwards remained in the hospital and was treated there for and during 158 days. That the charges for such hospital treatment were necessary and reasonable. That while Edwards was in the hospital an agent of appellant, a Mr. Williams, visited the hospital on several occasions, and on each occasion of such visits assured appellee by stating to its agent and bookkeeper, Mr. Rudisill, that appellant would pay the hospital and medical charges. That the injured employee, Edwards, filed claim before the Industrial Accident Board for compensation, and while such claim was pending, on about May 4, 1935, a compromise settlement agreement was made between appellant and Edwards, wherein appellant agreed to pay to Edwards for his personal injuries compensation in the sum of $725, and to pay the hospital and medical charges. That said compromise agreement was submitted to and approved by the Industrial Accident Board on May 6, 1935. That the hospital and medical charges were not paid, and later claim for same was made by appellee hospital before the Industrial Accident Board, and upon hearing such claim was allowed and appellant ordered to pay same. This suit was brought by appellant to set aside that award.

Upon request of appellant, the trial court filed his findings of fact, which fully support our statement of the record as above set out.

■ Appellant's main contention, urged by several assignments of error, is that the judgment was erroneous in that appellee by cross-action pleaded its right to recover against appellant, and as appellant was not served with citation to answer said cross-action, and did not enter its appearance nor waive service of citation, the court erred in rendering judgment against it. The general rule that a plaintiff, though charged with notice of all defensive pleadings, is entitled to notice of interventions and cross-actions seeking affirmative relief against him [Early v. Cornelius, 120 Tex. 335, 39 S.W.(2d) 6] is not believed to have application in cases such as here. The rights and remedies available under the Workmen's Compensation Law are given entirely by statute. The procedure to enforce same is also prescribed by statute. The law requires that claims growing out of injuries received in the course of employment must be presented to the Industrial Accident Board, and that any party not willing to abide the award of the board and wishing to appeal from same must give notice of such intention to appeal and within 20 days after such notice must file suit in the proper court to set aside the award. It also provides that the defendant in such suit to set aside the award must answer and plead fully his right to recover the claim presented to the board, and places the burden upon the claimant to plead and prove his claim. That being the law, appellant was required as a matter of law to anticipate and know that appellee was required to and would in its answer set up its right to recover of appellant the claim presented to the board, upon which the award appealed from by appellant was given. So that in cases of this nature no service

of the cross-action filed by appellee to recover was required. The assignments are overruled.

Appellant complains that the judgment was error because, it insists, there was no competent evidence showing that it had agreed to pay the hospitalization charges for services to Edwards, the injured employee. Two witnesses testified that an agent and representative of appellant, naming him as a Mr. Williams, visited the hospital while Edwards was being treated and stated that appellant would pay for all reasonable and necessary services rendered to Edwards. That said agent and representative was at the hospital when the agreed compromise settlement between appellant and Edwards was consummated, and then stated that appellant would pay the hospitalization charges. We think this evidence competent, but aside from this the compromise settlement agreement executed and presented to the board for approval a certified copy of which was in evidence, contained the statement: "Amount of Agreement: $725.00 in addition to hospital and medical services." This was sufficient; proof that in making the compromise settlement agreement it was understood by the parties, and placed in the agreement that appellant was to and would pay such charges. The compromise settlement agreement containing the above-quoted terms of settlement was presented to the board and by it approved, and appellant paid the $725. It should not be permitted to accept in part, and to reject in part its own solemn agreement. The assignments are overruled.

We overrule the assignment that there was no competent proof that the employee, Edwards, received his injury while in the course of his employment, and so the judgment was error. That McKinney was the employer, Edwards an employee of McKinney, and appellant the carrier of compensation covering McKinney's employees, is without dispute. We think the record sufficiently shows that Edwards was injured while working at his master's business, but aside from any other proof, the fact that appellant recognized its liability and admitted Edwards' claim for compensation, made a compromise settlement agreement with him agreeing to pay him the sum of $725 as compensation for his injuries received as an employee of McKinney, and while in the course of his employment as such employee, presented such agreement to the board for approval, and paid said amount of compensation to Edwards, completely answers appellant's assignment, and shows it without basis for contention.

We have considered all of appellant's assignments of error, none of them show reversible error, and all are overruled. The judgment should be affirmed, and it is so ordered.

Affirmed.