**FEDERAL UNDERWRITERS EXCHANGE v. BARCLAY.**

No. 3819.

Court of Civil Appeals of Texas. Beaumont.

Feb. 27, 1941.

Sharfstein, Bell, Weinert & Nelson, of Beaumont, for appellant.

J. G. Haralson, of Woodville, for appellee.

O'QUINN, Justice.

Appellee sued appellant in the County Court of Tyler County, Texas, to recover for professional, drug and hospital services rendered an alleged employee of the Warren Lumber Company, which company carried workmen's compensation insurance in the appellant company.

Appellant answered by general demurrer, general denial, and specially (a) that no claim for the charges sought to be recovered had been filed with the Industrial Accident Board within six months from the date of the injury; (b) that the alleged employee had elected to proceed against the alleged negligent third party for damages caused by his injuries and had prosecuted his claim against said negligent third party to judgment, recovering $5,000, and had thus barred all claims he may have had under the Workmen's Compensation Law, and so was compelled to look to his patient, the employee, for compensation for his services.

The case was tried to the court without the aid of a jury, and judgment was rendered for appellee in the sum of $255.85. This appeal is from that judgment.

The record reflects that Willie Freeman was an employee of the Warren Lumber Company, and while in the course of his employment, on October 8, 1938, received an injury growing out of a collision of the log truck of Warren Lumber Company then being operated by Willie Freeman for said lumber company and a train of the T. &

N. O. Ry. Company. Freeman sued the railroad and on October 23, 1939, obtained a judgment for $5,000. This became a final judgment. Neither in his petition nor the judgment was any claim for medical or hospital services included. Appellee, Dr. Barclay, treated the injured employee. Notice of the injury to Freeman was duly given both his employer, Warren Lumber Company, and its compensation insurance carrier, appellant herein. After the injured employee, Freeman, obtained his judgment against the railroad, appellee called upon appellant to pay his medical, drug and hospital charges for attention to Freeman, which it refused to do. On March 16, 1940, appellee filed his claim before the Industrial Accident Board. The Board made its final ruling and award refusing appellee's claim, whereupon he gave notice that he would not abide the award, and filed this suit to set the award aside.

It is seen that the claim was not filed until one year, five months and eight days after the occurrence of the injury. Article 8307, Sec. 4a, Vernon's Ann.Civ. Statutes of Texas, provides that a claim for compensation shall be made with the Industrial Accident Board within six months after the occurrence of the injury, but that for good cause the Board may, in meritorious cases, waive strict compliance as to filing claims. Appellee offered evidence to show good cause for not sooner filing his claim. Appellant objected to the admission of the evidence for the reason that good cause was not plead by appellee. The objection was overruled, and this ruling is assigned as error. We sustain the assignment. There was no plea of good cause to excuse the failure to file the claim sooner. Texas Employers' Ins. Ass'n v. Palmer, Tex.Civ.App., 66 S.W.2d 454.

We sustain appellant's assignment that the judgment in favor of appellee for the sum claimed due him as medical attention, drugs and hospital charges, was not supported by the pleading or the evidence. Appellee's claim arose under Section 7 of Article 8306, V.A.C.S. of Texas, and Section 7b of said article requires that all such charges shall be fair and reasonable. There is not in the record any pleading or proof that the charges were fair and reasonable. Without such pleading and proof the judgment was not warranted.

For the errors discussed, the judgment is reversed and the cause remanded.