MARYLAND CASUALTY CO. v.
STEWART et al.

No. 2276.

Court of Civil Appeals of Texas. Eastland.

July 10, 1942.

Rehearing Denied Sept. 25, 1942.

Smith & Eplen, of Abilene, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellees.

LESLIE, Chief Justice.

This is a compensation case in which Ethel M. Stewart is the alleged employee, L. B. Price Mercantile Company, the employer, and Maryland Casualty Company, insurance carrier. They will be referred to as employee, employer, and company, respectively. The suit is one in which the employee seeks to set aside the award of the Industrial Accident Board and seeks to recover a judgment by reason of an alleged accidental injury sustained by her in the course of her employment. She alleged that the injury resulted in total and permanent disability. The company denied that the accident occurred in the course of her employment, alleging that she, when injured, was on a mission of her own, or one of pure accommodation for her son, and outside of her prescribed territory. The company further alleged that Mrs. Stewart was at the time of the injury an independent contractor, and not within the protective terms of the policy.

The jury, in response to special issues, found in favor of the alleged employee, and judgment was entered accordingly. The company appeals, basing same upon several propositions of law.

More in detail the facts of the case are, in substance, as follows:

Mrs. Ethel M. Stewart was an employee of the L. B. Price Mercantile Company on March 22, 1941. The Mercantile Company was engaged in the sale of merchandise commonly used by the ordinary home owner. Mrs. Stewart was employed as a saleslady of such merchandise, which consisted of bedspreads, linens, curtains, and various other items all suitable and convenient in the average household. The employer maintained no retail stores, but made its sales through salesmen who were under written contract to employer. Some sales were made on credit and some for cash. The employees furnished their own automobiles and were paid a higher commission when their automobiles were so used.

No territorial limitation was placed on the employee as to where he might sell for cash, but such limitation was made where credit sales were permitted. The salesmen did not collect after a credit sale was made. A designated collector employed by the employer worked in conjunction with the salesmen and in territories where there was no designated collector the salesmen were not permitted to sell on credit. The salesmen carried their stock of merchandise in their automobiles and replenished same from time to time from the company's warehouse as a new supply was needed.

The arrangement is briefly stated in the appellant's brief as follows: "Employee was under written contract of employment. This contract provided for designation of her credit territory, and she could sell for cash anywhere."

On the day of her injury, Mrs. Stewart, who resided in Abilene, was an employee of the company, working under the terms of the contract referred to. She had an unmarried son living at her home with her and on this particular day (March 22) he decided to go to Anson and Stamford and see if he could buy a second-hand car. He obtained consent from his mother to use her car, which was the one that she used in selling her employer's goods. When engaged in marketing the goods she loaded a certain quantity of the same in her car from the warehouse or storage of her employer. In granting her son the use of the car she also concluded to go with him and undertake to sell her line of merchandise while he was making a car deal in which she was not interested. Consequently, she loaded her merchandise into the car and accompanied her son to Anson and Stamford, at which latter place she contacted a prospect whom she had theretofore known and to whom she had sold her employer's goods on other occasions. On this particular trip she failed to make any sales, principally because her employer at that time maintained no credit man in that territory (a fact of which she was not aware until she reached Stamford) and she was unable by reason of the company's rules to make a credit sale under such circumstances.

On the way home to Abilene, and while approximately 20 miles therefrom, she was involved in an accident or collision with another car and sustained the injuries which form the basis of this lawsuit.

This appeal hinges essentially on the question of whether or not Mrs. Stewart was in the course of her employment at the time of the receipt of her injuries. The attorneys stipulate that the evidence amply supports the jury's verdict as to the extent of Mrs. Stewart's disability, and that feature of the case calls for no further consideration.

The judgment on the verdict is attacked under various points and for the following reasons:

By points 1 and 2, respectively, the appellant contends that the court erred (1) in overruling its motion for an instructed verdict, and (2) in overruling its motion for judgment non obstante veredicto. These contentions mean that there is no evidence in the record to support the material issues submitted to the jury. The propositions are overruled for the reason that the evidence supports a contrary conclusion. A directed verdict would not have been proper and hence neither proposition is sustainable. The testimony relevant to these contentions has been carefully considered in the light of the authorities cited by the appellant, but we do not deem it necessary to make an extended statement of either the facts or the law applicable to these points.

By point 3 the appellant insists that "because the evidence showed she [Mrs. Stewart] was on a personal mission" the trial court erred in submitting special issue No. 2 inquiring whether or not Mrs. Stewart was in the course of her employment at the time of receiving said injury.

By point 4 the appellant insists that "because the evidence showed that she was an independent contractor" the court erred in submitting issue No. 1 inquiring whether Mrs. Stewart was an employee on the date of the injury.

These points are briefed together and will be here so considered. As to the third point, the evidence does not conclusively show that she was on a personal mission of her own, or any such mission as would take her out of the purview or protection of the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq.,

on that ground alone. For like reason, point 4 is overruled.

The evidence does not conclusively show that she was at the time of the injury an independent contractor. Further, in answer to a properly submitted issue the jury found she was not an independent contractor. That sufficiently answers the point.

However, the evidence shows without dispute that Mrs. Stewart at the time of the injury was working as a saleslady for L. B. Price Mercantile Company and performing services under such circumstances as to establish that she was not an independent contractor when tested by the rule stated in Liberty Mutual Ins. Co. v. Boggs, Tex.Civ.App., 66 S.W.2d 787, 791, wherein it was held: " * * * we are of the opinion that there is one evidential fact which, if admitted, or same is conclusively established by the evidence, is decisive of the issue of whether one performing a particular piece of work, or a definite service for another, is, or is not, an independent contractor. That is the fact of the right of control of the person in doing the work or performing the service. If the one for whom such work is being done, or service performed, does not by the contract relinquish such right of control by conferring it upon the person doing the work, or someone else, then the relation is that of employer and employee."

For other authorities so holding, see Ochoa v. Winerich Motor Sales Co., 127 Tex. 542, 94 S.W.2d 416; Southern S. S. Co. v. Meyners, 5 Cir., 110 F.2d 376; Security Union Ins. Co. v. McLeod, Tex. Com.App., 36 S.W.2d 449; Southern Surety Co. v. Shoemake, Tex.Com.App., 24 S. W.2d 7; Beeman v. Georgia Cas. Co., Tex.Com.App., 41 S.W.2d 39; Norwich Union Ins. Co. v. Chancellor, Tex.Com. App., 5 S.W.2d 494; Id., Tex.Com.App., 7 S.W.2d 71.

On the contrary, the testimony discloses the relation of employer and employee, and that she was injured in the course of her employment.

The appellant further contends, by point 5, that under its pleadings and testimony the trial court erred in refusing to submit its specially requested issue inquiring whether or not at the time of her injury Mrs. Stewart was on a "personal mission for the accommodation of her son"; by

point 6, that the court erred in not submitting special issue inquiring whether or not at the time of her injury, Mrs. Stewart was on a journey "the ultimate purpose of which was for the accommodation of her son." Point 7 is substantially the same as point 5, but point 8 is to the effect that the court erred in not giving its requested special issue inquiring whether or not Mrs. Stewart's trip to Jones County "was incidental to the furtherance of employer's business."

Mrs. Stewart, the employee, pleaded, and the trial court submitted, the issue as to whether or not she was in the course of her employment at the time she sustained the injury in question. It is the appellant's view that under its pleadings and testimony the above mentioned issues should have been submitted to the jury.

█ After a careful consideration of the record we think the court committed no error in refusing to submit said issues. The matters suggested, or issues requested, merely called for a finding upon inconclusive evidentiary facts (Liberty Mut. Ins. Co. v. Boggs, Tex.Civ.App., 66 S.W.2d 787, 795), and in any event the jury had the benefit of such testimony when it determined the issues of whether or not Mrs. Stewart at the time of her injury was an employee of the company, and acting within the scope of her employment.

█ As bearing upon the purposes and motive of Mrs. Stewart in making the trip to Anson and Stamford, we quote from Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181, 183, the following: "We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. * * * The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own."

As reflecting the legal consequences of the "motive or purpose in the servant's mind" in such cases, we quote from the Liberty Mutual Ins. Co. case, the following: "There was likewise no error, it seems to us, in the court's refusal to submit a requested special issue as to whether Travis G. Boggs was in Stephenville to see Miss Eunice Terry for reasons personal to him. The issue as stated erroneously assumed that Boggs could not have had the dual purpose of serving his employer and seeing Miss Terry. 39 C.J. 1297, § 1494. As said by Judge Williams in Galveston, H. & S. A. Ry. Co. v. Currie, 100 Tex. 136, 96 S.W. 1073, 1074, 10 L.R.A.,N.S., 367: 'It is in cases of the character supposed, where there has been a mingling of personal motive or purpose of the servant with the doing of his work for his employer, that much of the difficulty and conflict of opinion have arisen in determining whether or not the wrong committed should be ascribed to the master or be regarded as the personal tort of the servant alone. It is now settled, in this state at least, that the presence of such a motive or purpose in the servant's mind does not affect the master's liability, where that which the servant does is in the line of his duty, and in the prosecution of the master's work.' The issue requested called for a finding upon an inconclusive evidentiary fact."

Upon this proposition we also cite Royal Indemnity Co. v. Hogan, Tex.Civ.App., 4 S.W.2d 93. The above statement of the law is in line with what is said under the subject of Master and Servant, 39 C.J. p. 1297, § 1494, namely, " * * * where the servant is, notwithstanding the deviation, engaged in the master's business within the scope of his employment, it is immaterial that he joined with this some private business or purpose of his own."

█ Points 9 and 10 are overruled as being without merit. Further, these propositions are not presented in the brief by appropriate statements, argument or citation of authorities. In this state of the record, the points do not require consideration.

For the reasons assigned, the judgment of the trial court in favor of Mrs. Ethel Stewart will be affirmed.