The Court of Civil Appeals correctly decided that this case should be reversed and rendered in favor of Mrs. Adolph S. Hansen. Therefore the judgment of the Court of Civil Appeals is affirmed.

**MARYLAND CASUALTY CO. v. HENDRICK MEMORIAL HOSPITAL et al.**

No. 2297.

Court of Civil Appeals of Texas. Eastland.

July 10, 1942.

Rehearing Denied March 23, 1943.

966

Smith & Eplen, of Abilene, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellees.

LESLIE, Chief Justice.

Following the accident which furnishes the basis for cause 2276 in this court, the Maryland Casualty Company made an investigation and denied liability. Mrs. Ethel Stewart, the employee, followed the procedure prescribed by Art. 8306, § 7a, Vernon's Ann.Civ.St., and procured the services of a physician, Dr. Snow, and in connection therewith, the services of Hendrick Memorial Hospital. Mrs. Stewart filed her claim for the injury with the Industrial Accident Board and the prosecution of the same by appeal from the award of the Board resulted in a judgment in the district court in her favor and the carrier appealed. That appeal is No. 2276 in this court, and the judgment as to her was affirmed, as per opinion handed down July 10, 1942, Maryland Casualty Co. v. Stewart, Tex.Civ.App., 164 S.W.2d 800.

Said physician and hospital, respectively, in their own name and right filed with the Industrial Accident Board their respective claims for services rendered Mrs. Stewart within the first twenty-eight days following the infliction of the injury. These claims each took the usual course and on final trial in the county court a judgment was there rendered in favor of the physician and hospital. The suit in the county court is a joint suit by the physician and the hospital.

In this court the appellees contend that the appeal hinges on the question of whether or not Mrs. Stewart was in the course of her employment at the time of injury, and appellant contends by two propositions that judgment for the physician and hospital is erroneous for two reasons (1) that the Workmen's Compensation Act "does not give to serving hospitals or attending physicians a direct cause of action", and (2) that "the court erred in not abating this case until the injured employee's claim had been finally adjudicated to be compensable." In addition to the statement under the nature of the case and as, in substance, set out above, the litigants make this further statement in their briefs: "By agreement of the parties, no evidence was adduced on the trial of this case, except (1) the entire record in cause No. 2276 (or the injured employee's record); and (2) certain stipulations which were to the effect that appellees were properly in court as far as filing notices, etc., were concerned; that appellees had rendered service but appellant denied liability until the injured employee's claim had been finally adjudicated to be a compensable claim."

The above is a succinct statement of the only contentions presented by this appeal. It is conceded that Mrs. Stewart, the employee, followed the statutory procedure which authorized her to engage the services of a doctor and hospital under said provisions of the Workmen's Compensation statute, and both litigants seem to concede that recovery for the physician's and hospital's claim under said statute is dependent upon the existence of the claim for compensation for injuries by the employee. The physician and hospital alleged the facts disclosing the existence of the employee's injury and claim.

The two cases were tried at different times in the trial courts, and the appeals were prosecuted to this court at such times and under such circumstances as permitted the consolidation by agreement of parties of the causes in this court, or a joint submission and determination thereof.

As per an opinion this day handed down, as stated above, a judgment has been entered affirming the judgment of the trial court in favor of the employee, Mrs. Ethel Stewart. It follows, we think, that the judgment in favor of the physician and the hospital, respectively, should be affirmed as against the particular points made.

The particular statute under consideration reads: "During the first four weeks of the injury, dating from the date of its infliction, the association shall furnish reasonable medical aid, hospital services and medicines. * * * If the association fails to so furnish same as and when needed during the time specified after notice of the injury to the association or subscriber, the injured employee may provide said medical aid, hospital service and medicines at the cost and expense of the association. The employee shall not be entitled to recover any amount expended or incurred by him for said medical aid, hospital services or medicines nor shall any person who supplied the same be entitled to recover of the

association thereof, unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time. * * *"

Upon the interpretation and application of this statute, it is said in 45 Tex.Jur. p. 672, § 218, as follows: "The clear import of section 7 is that the right to recover the cost of the services accrues to the injured employee, if incurred by him, or to the party or parties that furnished them." Sustaining such view and upholding the right of the physician or hospital to recover in a direct proceeding for such services rendered, the following authorities are cited: Home Life & Acc. Ins. Co. v. Cobb, Tex. Civ.App., 220 S.W. 131; American Indemnity Co. v. Nelson, Tex.Civ.App., 201 S.W. 686; Texas Emp. Ins. Ass'n v. Wilson, Tex. Civ.App., 21 S.W.2d 599; Texas Emp. Ins. Ass'n v. Herron, Tex.Civ.App., 29 S.W.2d 524; Commercial Standard Ins. Co. v. City Memorial Hospital, Tex.Civ.App., 107 S.W. 2d 724; Southern Surety Co. v. Beaird, Tex.Civ.App., 235 S.W. 240.

In Schneider on Workmen's Compensation Law, Vol. II, 2d Ed., § 497, p. 1654, the following statement is made: "Since, however, most acts make the employer or his insurance carrier liable for reasonable medical expense it would appear that the physician should be permitted to recover in a direct action at common law against the employer or insurance carrier, if there is no express contract between them, on the theory that the acceptance of the act by the employer and employee constitutes a contract for the benefit of a third person, the physician, upon which contract the physician should be permitted to sue for the services rendered."

But few Texas cases bearing upon these propositions have been presented in the briefs, and we have found none other than those here cited. The most of these sanction the recovery in independent suits by the physician or hospital and the others in principle are to the same effect.

The Legislature, by this enactment, evidently created a right beneficial to the injured employee and protective in its nature to the one rendering an employee such services under the circumstances. It seems to us that if there is any doubt concerning the ability of the physician or hospital to assert his or its remedy under this provision of the statute, such doubt should be resolved, under the general rule construing such statutes, in favor of the employee, and the person rendering the service, which the litigants herein agree was rendered under the circumstances requiring the same and for consideration admitted to be reasonable in amount.

For the reasons assigned, the judgment of the trial court is affirmed.

FUNDERBURK, J., dissenting.

FUNDERBURK, Justice (dissenting).

In my opinion, both contentions of appellant should be sustained. That is to say, I think the Workmen's Compensation Act "does not give to serving hospitals or attending physicians a direct [independent] cause of action"; and even if so, that "the court erred in not abating this case until the injured employee's claim [injury] had been finally adjudicated to be compensable."

If such independent cause of action exists, as held in the majority opinion, is the action to enforce same one sounding in tort, or is it upon a contract? It will hardly be contended that the refusal of the compensation insurance carrier (hereinafter, for convenience, designated Insurer) to pay the physician and hospital bills was a tort and that the action is one seeking an award of damages. Agreement may be assumed, I think, that the action is based on contract—seeks to enforce contract obligations. If so, what is the contract? The contract is the policy of compensation insurance issued by Insured to Mrs. Stewart's employer. Mrs. Stewart, the employee, was herself not a party to the contract. Her relation to the contract was that the contract was made by the insurer and employer for her benefit. Regarded, according to the Williston definition as "a promise or set of promises to which the law attaches legal obligation" [Williston, On Contracts, vol. 1, p. 1, § 1] the contract consists of the policy of insurance, giving effect to the law governing same, particularly, R.S. 1925, Art. 8306, § 7. The rights and remedies involved are contract rights and remedies for enforcement of contract rights. The insurer (association) has promised precisely the same as if written in the policy that "During the first four weeks of the injury, dating from the date of its infliction, the association [insurer] shall furnish reasonable medical aid, hospital services and medicines." The insurer (association) by its contract, agreed that if it "fails to so furnish same as and when needed during the

time specified after notice of the injury to the association [insurer] or subscriber, the injured employee may provide said medical aid, hospital service and medicines at the cost and expense of the association." So much of the contract implies that payment is promised to the employee. Such implication is rendered necessary by the following sentence which says "The employee shall not be entitled to recover any amount *expended* or *incurred* by him for said medical aid, hospital services or medicines * * * unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time." (Italics mine.) This provision, not considering the deleted clause, "nor shall any person who supplied the same be entitled to recover of the association thereof", would be susceptible to no other construction than that the beneficiary of the promise was the injured employee. The whole question at issue, therefore, is the effect of the clause "nor shall any person who supplied the same be entitled to recover of the association thereof." The entire sentence in which this clause occurs constitutes a condition qualifying the promise of the insurer to reimburse the injured employee for any amount expended or incurred by him for medical aid, hospital services or medicines procured after notice and the failure of the insurer to provide same. As to such promise (for the benefit of the employee) the qualification is operative because there exists a subject-matter upon which it may operate; but where in the contract (reading all applicable provisions of law into it), can there be found any promise for the benefit of one (other than the employee) who supplied to the employee medical aid, hospital service or medicines? Can a qualification of a nonexistent promise have the effect of creating such promise? The clause in question indicates, no doubt, that the Legislature was of the opinion that a physician or hospital or druggist had a right of action against insurer to recover the reasonable value of medical aid, hospital services or medicines. Why, otherwise, should the language be employed in the statute clearly constituting a qualification of such right, unless the right was thought to exist? But if such right had no existence, as it most certainly did not, and as was recognized in Home Life & Acc. Ins. Co. v. Cobb, Tex.Civ.App., 220 S.W. 131—the only case in which the question at issue was really presented and decided to the effect that the clause in question created a theretofore nonexistent cause of action—why should such evidently mistaken opinion be construed to imply the creation by legislative enactment of such right? I find myself unable to give assent to such a view. Something from nothing leaves nothing. In my opinion, there was much greater reason to support a conclusion that a cause of. action for libel was created by implication by the statute construed in Renfro Drug Co. v. Lawson, Tex.Civ.App., 144 S.W.2d 417; Id., 138 Tex. 434, 160 S.W.2d 246, than by the statute under consideration.

Courts, it should be remembered, are not bound by a wrong construction by the Legislature, even of its own acts. With much greater reason, I think, should they not be bound by the Legislature's wrong assumption of the existence of a cause of action, governed by general principles of the law of contract.

If by implication a cause of action was created, as the majority opinion holds, then it is necessarily upon the theory that the policy of insurance is a contract by the insurer and employer not only for the benefit of employees but also of physicians, hospitals and druggists. The Supreme Court of this State in recent decisions has manifested a tendency to construe contracts very strictly against persons not parties to the contracts who seek to enforce their provisions upon the theory that the contracts are made for their benefit. National Bank of Cleburne v. Gulf, C. & S. F. Ry. Co., 95 Tex. 176, 66 S.W. 203; Standard Acc. Ins. Co. v. Blythe, 130 Tex. 201, 107 S.W.2d 880; Citizens Nat. Bank v. Texas & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003; Metropolitan Cas. Ins. Co. v. Texas Sand & Gravel Co., Tex.Civ.App., 68 S.W.2d 551. See, also, the more liberal opinion in Employers Liability Assur. Corp. v. Trane Co., Tex.Civ.App., 153 S.W.2d 848, in which writ of error was granted on the ground that it was in conflict with Metropolitan Cas. Ins. Co. v. Texas Sand & Gravel Co., supra. It seems to me that to hold that the contract under consideration was made for the benefit of physicians, hospitals and druggists would, in principle, constitute a departure from the holdings in the above cases.

But if the clause in question, in its context, be susceptible to the construction that it created a theretofore nonexistent cause of action in favor of physicians, hospitals and druggists, such construction is not the

only one permissible and there are, it seems to me, the most compelling reasons why it should not be so construed. In the first place, for example, it is the undoubted policy of the law to forbid the splitting of causes of action. "By splitting a cause of action is meant the division of a single cause into two or more parts for the purpose of bringing separate actions." 1 Tex. Jur. p. 670, § 53. There can be, I think, no valid argument that, when made by the injured employee, a claim for the cost of medical aid, hospital services and medicines paid or incurred, is but part of a single cause of action for recovery of disability compensation. It, therefore, seems to me an unnecessary implication should not be read into the legislative act having the effect to violate the wholesome policy against splitting causes of action. The same authority last cited, as applying more particularly to the situation here, says: "And it has been decided that when two parties are jointly interested in one breach two suits are not maintainable." Id. 673.

Difficult questions of jurisdiction, necessary parties, estoppel, etc., are presented if the creation of such cause of action is to be implied. Suppose in district court the employee in his suit to recover compensation includes a claim for the cost of medical aid or hospital services *incurred* but not *paid*, and at about the same time the physician or hospital has a suit in county court to recover the amount of the same bill so *incurred* but not *paid* by the employee. Do both suits seek recovery upon one cause of action, or upon two? Is the employee a necessary party to the suit in county court? Why not, since in order to recover, the plaintiff in such suit must show the existence of a cause of action in favor of the employee against the insurer for compensation? If the employee is made a party to the suit in county court—and it is difficult to see why he may not be—and it is adjudged that plaintiff cannot recover because of a failure to find that the employee was in the course of his employment, may that judgment be pleaded as an estoppel against the employee in his suit for compensation in the district court? Why not, under the well known rules of estoppel by judgment, 26 Tex.Jur. p. 179, § 437; id. p. 184, § 439.

I shall not prolong these observations by multiplying reasons which, even if it be granted the statutory provision is susceptible to the construction approved in the majority opinion, it should nevertheless, in my opinion, not be so construed.

It seems to me that the right of an employee to provide medical aid, hospital service and medicines at the cost of insurer, should be deemed a mere incident of his right to recover disability compensation, analogous to a wife's right for an allowance for support pendente lite only in a divorce suit, or of the right of a tenant in common to assert equitable charges only in a partition suit, such as discussed in Dakan v. Dakan, Tex.Civ.App., 52 S.W.2d 1070, and Aman v. Cox, Tex.Civ.App., 164 S.W. 2d 744.

If it be granted that the physician, hospital, etc., may have a standing, as a party, in court, it should be in virtue of the employee's standing and in the same suit, and therefore necessarily dependent upon the determination of the main question of insurer's liability to the employee in such suit.