MARYLAND CASUALTY COMPANY V. HENDRICKS MEMORIAL HOSPITAL ET AL.

No. 8029. Decided March 17, 1943.
Rehearing overruled April 7, 1943.
(169 S. W., 2d Series, 969,

24

*Smith & Eplin* and *Frank E. Smith*, of Abilene, for appellant.

On the question of the right of the hospital and the doctor to file a direct cause of action, and whether such action should be abated until the claim of the employee for compensation is disposed of. Aetna Life Ins. Co. v. Culvahouse, 10 S. W. (2d) 803; Texas Indm. Ins. Co. v. Williamson, 109 S. W. (2d) 322; 45 Tex. Jur. p. 457.

*Scarborough, Yates & Scarborough,* of Abilene, for appellees.

On the right of the hospital and doctor to file direct claim. Homes Life & Acci. Ins. Co. v. Cobb, 220 S. W. 131; Texas Emp. Ins. Assn. v. Herron, 29 S. W. (2d) 524; Southern Surety Co. v. Beaird, 235 S. W. 240.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

This is a suit brought by a hospital and a physician against the insurer to recover, under the Workmen's Compensation Law, the value of services rendered to an injured employee after the insurer failed or refused to provide such services.

Two questions have been certified to this Court by the Court of Civil Appeals for the Eleventh Supreme Judicial District, the first of which questions is: "Did the appellees (hospital and doctor) who rendered necessary services to the injured employee (Stewart) have a direct cause of action against the appellant (insurer) under the Workmen's Compensation Act of Texas?"

The material facts as shown by the certificate and the transcript are as follows: Mrs. Ethel Stewart, an employee or agent of L. B. Price Mercantile Company which was insured by Maryland Casualty Company, suffered an accidental injury. The insurer, after being duly notified of the injury, denied liability and refused or failed to furnish medical aid and hospital services. Thereupon Mrs. Stewart procured the services of Dr. Snow and in connection therewith necessary services of Hendrick Memorial Hospital.

Mrs. Stewart filed with the Industrial Accident Board a claim for compensation on account of her injury and thereafter, on June 11, 1941, filed suit against Maryland Casualty Company in the District Court of Jones County to set aside the Board's award and recover compensation. It appears that she made no claim, either before the Board or in her suit, for recovery of the cost of medical aid and hospital service incurred by her. Judgment in favor of Mrs. Stewart against Maryland Casualty Company was affirmed by the Court of Civil Appeals on July 10, 1942. Maryland Casualty Company v. Stewart, 164 S. W. (2d) 800.

Dr. Snow and Hendrick Memorial Hospital filed in their own names with the Industrial Accident Board their claims for services rendered to Mrs. Stewart within the first four weeks following the infliction of injury, and after their claims were denied by the Board they filed this suit, on August 1, 1941, in the County Court of Taylor County against the insurer, Maryland Casualty Company, to set aside the Board's award and to recover judgment for the reasonable value of their services. This suit was tried after the rendition of judgment in the District Court of Jones County in Mrs. Stewart's suit and while that case was on appeal to the Court of Civil Appeals for the Eleventh District. The judgment of the County Court in this case, in favor of Hendrick Memorial Hospital for $227.35 and in favor of Dr. Snow for $425.00, was affirmed by the Court of Civil Appeals on July 10, 1942, Associate Justice Funderburk dissenting. The questions were certified pending disposition of motion for rehearing in the Court of Civil Appeals.

Appellant, Maryland Casualty Company, contends that the judgment in favor of the physician and the hospital is erroneous for two reasons: because the Workmen's Compensation Law "does not give to servicing hospitals or attending physicians a direct cause of action" against the insurer; and because this suit should have been abated until the injured employee's claim had been finally adjudged to be compensable. In the two cases the principal defenses on the merits were that Mrs. Stewart was not in the course of her employment when she was injured and that she was an independent contractor rather than an employee.

The part of the compensation law which relates to medical aid and hospital service for the injured employee and the obligation of the insurer to provide such aid and service is Section 7 of Article 8306 of the Revised Civil Statutes of 1925, as amended by Acts of the Regular Session of the 46th Legislature, page 712, Section 1 (Vernon's Annotated Civil Statutes, Art. 8306, sec. 7). This section of the law, omitting parts not relevant here, provides: "During the first four weeks of the injury, dating from the date of its infliction, the association shall furnish reasonable medical aid, hospital services and medicine * * *. If the association fails to so furnish same as and when needed during the time specified after notice of the injury to the association or subscriber, the injured employee may provide said medical aid, hospital service and medicines at the cost and expense of the association. The employees shall not be entitled to recover any amount expended or incurred by him for said medical aid, hospital services or medicines nor shall any person who supplied

the same be entitled to recover of the association thereof, unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time."

■ The first of the two certified questions was directly decided by the Court of Civil Appeals for the Ninth District in Home Life & Accident Ins. Co. v. Cobb, 220 S. W. 131. In that case ·a physician made claim and brought suit under the Workmen's Compensation Law for the value of services rendered by him to the injured employee who procured him after the insurer, with notice of the injury, had failed to provide medical aid. The contention was made that the Workmen's Compensation Law then in effect, being the Act of 1917 (Chap. 103, Acts Regular Session 35th Legislature), in the absence of contract between the insurer and the physician, gave the physician no cause of action against the insurer. ·The court, noting the difference between Section 7, Part 1, of the Act of 1917, and the corresponding section of the prior law, the Act of 1913 (Chap. 179, Acts Regular Session 33rd Legislature), held that Section 7, Part I, of the later Act, which is in all respects material herein identical with Section 7 of Article 8306 of the Revised Civil Statutes of 1925, directly gave a cause of action to the physician.

Chief Justice Gallagher, who wrote the opinion in Texas Employers' Ins. Ass'n v. Herron, 29 S. W. (2d) 524, said, after stating the substance of Section 7 of Article 8306: "The clear import of said provisions is that the right to recover the cost of such services (medical and hospital) accrues to the injured employee, if incurred by him, or to the party or parties furnishing the same." That case was a suit by the surviving widow and children to recover compensation for the death of an employee and to recover for medical and hospital bills incurred by him, but the sentence above quoted from the opinion is the deliberate interpretation of the statute by a very careful and able judge. · This interpretation of the statute is embodied in the text of Texas Jurisprudence, Volume 45, page 672, section 218.

· Judgment in favor of physicians against the insurer was reformed and affirmed in Lumbermen's Reciprocal Ass'n v. Wilmoth, (Com. App.) 12 S. W. (2d) 972. They had filed their claims in their own names, and after the award of the Board to the employee for his injury and to the physicians for their services, judgment was rendered in favor of the physicians in the suit filed by the insurer, against them and the employee as defendants, to set aside the award. In the same case it was held that the trial court should not have permitted another physician

to intervene in the suit, because his claim had never been presented to the Board.

In a number of cases the court of civil appeals, without direcly deciding the question here under consideration, have assumed that a physician or hospital has the right under the statute to institute and maintain a claim and suit directly against the insurer and independently of the employee's claim or suit. Southern Surety Co. v. Beaird, 235 S. W. 240; Aetna Life Ins. Co. v. Culvahouse, 10 S. W. (2d) 803; Texas Employers' Ins. Ass'n v. Wilson, 21 S. W. (2d) 599; Commercial Standad Ins. Co. v. City Memorial Hospital, 107 S. W. (2d) 724; Federal Underwriters Exchange v. Barclay, 149 S. W. (2d) 215. We have found no Texas case holding that the physician or hospital rendering necessary services to the injured employee, after notice of the injury to the insurer and its failure or refusal to furnish such services, does not have under the statute a direct cause of action against the insurer.

■ The practice of the Industrial Accident Board has been to consider the claim of the physician or hospital and the claim of the injured employee together and to act upon them at the same time, but the Board has uniformly construed Section 7 of Article 8306 as authorizing it to accept and act upon claims filed by physicians and hospitals independently of the employee's claim for compensation for his injury and many awards have been made by the Board on such claims. Judicial notice may be taken of the Board's construction of the statute and practice under it. Cathey and Carrell v. Terrell, 121 Texas 130, 132, 45 S. W. (2d) 956; Short v. W. T. Carter & Bro., 133 Texas 202, 211, 126 S. W. (2d) 953.

The rule in most of the other states is that "proceedings by a physician for recovery of compensation for medical services are ancillary to proceedings by the injured employee for compensation for injuries sustained and are dependent upon the existence of a claim by the injured employee for compensation therefor." Note 72 A. L. R. pages 1012-1018. The rule in each state depends, of course, upon the provisions of its Workmen's Compensation Statute and the construction given them by its courts. In some states, for example, right of recovery by the physician in a direct proceeding against the insurer or the employer has been denied, because the statutes provide in substance that the award shall be made to the employee and give to the physician a lien upon the compensation awarded to the employee, thus prescribing the remedy for the physician, namely, a

lien incident to the principal award. Pacific Employer's Ins. Co. v. French, 212 Calif. 139, 298 Pac. 23; Bloom v. Jaffe, 94 Misc. 222, 157 N. Y. Supp. 926. We have found no decision from another state construing a statute containing the same or substantially the same provisions as those of the Texas statute, Section 7, of Article 8306.

The first sentence in Section 7 imposes upon the insurer the obligation to furnish to the injured employee medical aid, hospital services and medicines. It is then provided that if the insurer after notice of the injury fails to perform that obligation the injured employee may procure medical aid, hospital services and medicines "at a cost and expense of the association." The next sentence is: "The employee shall not be entitled to recover any amount expended or incurred by him for said medical aid, hospital services or medicines *nor shall any person who supplied the same be entitled to recover of the association thereof (therefor)*, unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time." (Our italics.)

The section does not affirmatively authorize the injured employee to recover of the insurer for the cost or expense of medical aid, hospital services and medicines paid or incurred by him, but the clear implication of the language used is that he shall have that right. The obligation to provide the aid, services and medicines is imposed upon the insurer and if he does not perform his obligation the injured employee is authorized to procure them, but at the insurer's expense. The intention of the Legislature that the employee shall have the right under the statute to compel performance by the insurer is made even clearer by the sentence last quoted, the substance of which is that neither the employee, who incurs liability, or pays, for medical aid, hospital services or medicines, nor the person who supplies them, shall be entitled to recover of the insurer therefor, unless the insurer or subscriber shall have had notice of the injury and shall have refused or failed to provide them. We think that this sentence, although in form a denial of the right to recover when the insurer or subscriber has not had notice of the injury, expresses the intention of the Legislature that if the insurer or subscriber has had notice of the injury and has failed or refused to provide medical aid, hospital services and medicines, either the injured employee, who procures them and pays or becomes liable for them, or the person who supplies them may recover of the insurer for the same.

It is true that a contractual relation arises under the Workmen's Compensation Law in which the employer, the employee and the insurer are the principal parties and that the contract of insurance is issued primarily for the benefit of employees. Anderson-Burney Realty Co. v. Soria, 123 Texas 100, 67 S. W. (2d) 222; Southern Casualty Co. v. Morgan (Com. App.) 12 S. W. (2d) 200; Patton v. New Amsterdam Casualty Co. (Com. App.) 36 S. W. (2d) 1000. Since the rights thus arise out of contract, appellant relies upon authorities holding that a contract will not be construed as having been made for the benefit of persons not parties to it unless it clearly appears that such was the intention of the contracting parties. Citizens National Bank v. Texas & Pacific Ry Co., 136 Texas 333, 150 S. W. (2d) 1003; Standard Accident & Insurance Co. v. Blythe, 130 Texas 201, 107 S. W. (2d) 880; Employers' Liability Assurance Corp. v. The Trane Co., 139 Texas 388, 163 S. W. (2d) 398.

The provisions of the Workmen's Compensation Law becomes part of the contracts executed pursuant to it by those who bring themselves within the scope of its operation. Casualty Underwriters v. Whitman, 135 Texas 37, 139 S. W. (2d) 261; Patton v. New Amsterdam Casualty Co., (Com. App.) 36 S. W. (2d) 1000. An insurance company which issues a policy under the statute not only has and exercises all of the rights and powers conferred by the statute upon the association created by it, but also is bound to the performance of the obligations imposed by the statute upon the association. Section 2, Article 8309. And, as has been said, it clearly appears, in our opinion, from the language used in Section 7 of Article 8306, that the Legislature intended to impose upon the insurer, subject to the conditions and limitations specified, the obligation to make payment for reasonable medical aid, hospital services and medicines to those who supply them to the injured employee and intended to give to those who supply them the right to sue the insurer to compel payment.

It may be conceded that this is a liberal construction of Section 7, but it is given in order that injured employees may more nearly obtain the protection and benefits that the statute undertakes to afford them. Lumberman's Reciprocal Association v. Behnken, 112 Texas 103, 112, 246 S. W. 72; Huffman v. Southern Underwriters, 133 Texas 354, 359, 128 S. W. (2d) 4; Fidelity & Casualty Co. v. McLaughlin, 134 Texas 613, 616, 135 S. W. (2d) 955. Prompt procurement of adequate medical aid, hospital services and medicines is of the greatest importance to the injured employee. It may shorten the period of inca-

pacity or even save his life. Its value may be greater than that of the compensation for incapacity. The circumstances will often be such that adequate medical aid, hospital services and medicine will be more readily obtained if the person supplying them is assured that he has the right to institute and maintain proceedings in his own name to require the insurer to pay for them.

It is argued that the construction which we give to the statute permits the splitting of causes of action and provokes difficult questions of estoppel. There is no splitting of a single or entire cause of action when an injured employee institutes suit to recover compensation for incapacity caused by his injury and a physician or hospital files a separate suit to recover for medical aid or hospital services supplies to the injured employee. In each suit the plaintiff must prove, in making out his case, that the employee suffered a compensable injury, but, except for that, different proofs are required to sustain the two actions. The suits relate in part to the same subject, but there is not an identity in the subject matter and the causes of action are not the same. They arise from different breaches. In the one suit the employee seeks to recover compensation for his physical incapacity which the insurer has failed or refused to pay; in the other the physician or hospital sues for the value of services rendered after the failure or refusal of the insurer to furnish them. Ben C. Jones & Co. v. Gammel-Statesman Publishing Co., 100 Texas 320, 99 S. W. 701, 8 L. R. A. (N. S.) 1197; 1 Am. Jur. pp. 480-482, Sections 96, 97; 30 Am. Jur. pp. 917-918, Sections 173, 174; 1 Tex. Jur., pp. 670-672, Section 53; 26 Tex. Jur. pp. 152-153, Section 426.

We answer the first of the two questions certified as follows: The appellees, the hospital and doctor, who rendered necessary services to the injured employee, have a direct cause of action against the insurer under the Workmen's Compensation Act. ■ The second question is:

"Under Art. 8306, Section 7, V. A. C. S. 1925, of the Workmen's Compensation Statutes of Texas, did the appellees (hospital and doctor) who rendered necessary services to the injured employee (Stewart) have a direct cause of action (separate from that of the employee Stewart) against the appellant (insurer), regardless of the outcome or what became of said employee's claim or suit against the appellant, Maryland Casualty Company?"

The certificate and the transcript show that appellant filed a plea in the trial court praying that this suit be abated until

the injured employee's claim had been finally adjudicated in her suit in district court to be compensable. It is of course preferable that the question whether compensable injury has been suffered be tried and determined in one suit. That is the usual practice. Ordinarily when the employee files with the Board a claim for compensation for his injury and the physician, hospital or druggist files claim for services, or medicines furnished, the claim of the physician, hospital or druggist is considered and acted upon by the Board in connection with the claim of the employee for his injury, and after suit is filed, the employee and the physician, hospital or druggist become, or are made, parties in a single suit. But if the statute, as we believe it does, give to the physician, hospital or druggist a cause of action against the insurer and he is willing to assume the burden of proving that the employee suffered a compensable injury, he should be permitted to prosecute his suit and his suit should not be abated on account of the pendency of the employee's suit. The parties are not the same and the causes of action, or subject matter of the suits, are not the same. Business Men's Oil Co. v. Priddy, (Com. App.) 250 S. W. 156; Benson v. Fulmore (Com. App.) 269 S. W. 71; 1 Am. Jur. pp. 31-32, Section 22-24; 1 Tex. Jur., p. 106, Section 76.

By the filing and trial of separate suits, one by the employee and one by the physician and hospital, the insurer is put to the inconvenience of contesting twice the issue whether the employee suffered a compensable injury, but the rule of estoppel by judgment as to this issue cannot be invoked in the case last tried. For example, if the suit by the employee, as was true here, is tried first and in that trial it is determined that the employee suffered a compensable injury, that decision will not be conclusive against the insured in the trial of the second suit. Since the physician and hospital were not parties in the case first tried, they are not concluded by the judgment; and because the estoppels of a judgment must be mutual, the prior judgment is not available as an adjudication either against them or in favor of them. Masterson v. Harris, 107 Texas 73, 87, 174 S. W. 570; Galveston Chamber of Commerce v. Railroad Commission, 137 S. W. 737, 746; Davis v. First National Bank, 139 Texas 36, 46, 161 S. W. (2d) 467; Keokuk & W. R. Co. v. Scotland County Ct., 152 U. S. 318, 38 L. Ed. 457; 30 Am. Jur. pp. 951-952, Section 220. And it is also true, of course that if the employee's suit is first tried and it is decided therein that he did not suffer a compensable injury, the physician and hospital will not be concluded by that judgment in the trial of their suit.

We answer the second of the certified questions in the affimative.

Opinion adopted by the Supreme Court March 17, 1943.

Rehearing overruled April 7, 1943.