Kearby Perry, Wichita Falls, for appellants.

Buck, McBryde & Bogle, Bill Bogle, Ft. Worth, for appellee.

**PALO PINTO GENERAL HOSPITAL et al., Appellants,**

v.

**HOUSTON FIRE AND CASUALTY INSURANCE COMPANY, Appellee.**

No. 4472.

Court of Civil Appeals of Texas, Eastland.

Sept. 24, 1971.

Rehearing Denied Oct. 15, 1971.

WALTER, Justice.

This is a workmen's compensation case filed by Palo Pinto General Hospital against Houston Fire and Casualty Insurance Company, hereinafter referred to as Company. The court rendered a summary judgment in favor of the Company and the hospital has appealed. While employed by M & W Mowing Service, Fay G. Lancaster alleged that he sustained an injury in the course of his employment. As a result of said injury he entered the hospital and incurred a bill of $4,800.70. Lancaster filed his claim with the Board and alleged in his claim that: "I have been in the hospital since the 1st of August and my bill is in excess of $4,736.00 and I therefore claim hospital bills in the amount of $5,000.00." The Board awarded Lancaster $8,978.96 in a lump sum and the award further provides: "Named insurer is ordered to pay

bill of Palo Pinto General Hospital in the sum of $4,800.70." The hospital administrator received copies of the Board's findings.

The Company filed suit to set aside the award which resulted in a judgment for the Company and Lancaster did not appeal. The hospital did not intervene in the District Court suit but relied upon Lancaster and his attorneys to recover the hospital bill for it.

The hospital administrator testified that he had an interest in the outcome of the case and was a witness in the trial of Lancaster's case against the Company at the request of Lancaster's attorneys and was assured by the attorneys that the hospital would get their money if Lancaster was successful. The attorneys advised the hospital there was no necessity for them to file a claim with the Board because if Lancaster recovered they would see that the doctor and hospital bills "were protected in the matter". One of Lancaster's attorneys further testified that his purpose in sending copies of his correspondence to the hospital was to keep it informed about the progress of Lancaster's claim as he knew the hospital was vitally interested in it. In answer to the following interrogatory by the Company:

"15. Do you admit that the employee, the employer, the alleged injury, the insurance carrier, the hospital which rendered services to the employee, and the hospital bill and services at issue in this, the captioned proceeding, are the same ones, respectively, that were involved in Industrial Accident Board Proceeding No. H–71343?"

the hospital made the following answer:

"In answer to No. 15, this Plaintiff admits that the employee, the employer, the injury, the insurance carrier, and the hospital which rendered services to the employee, are the same as were involved in Cause No. 23,387 in the 29th District Court of Palo Pinto County, Texas, but denies

that the hospital bill and services is the same one as litigated in that cause because the cause of action is different in that the hospital bill and services in this case is a cause of action vested in the Palo Pinto General Hospital rather than the Plaintiff in Cause No. 23,387."

The hospital relies upon the case of Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Tex. 23, 169 S.W.2d 969 (1943, opinion adopted by the Supreme Court) in which the Court held:

"By the filing and trial of separate suits, one by the employee and one by the physician and hospital, the insurer is put to the inconvenience of contesting twice the issue whether the employee suffered a compensable injury, but the rule of estoppel by judgment as to this issue cannot be invoked in the case last tried. For example, if the suit by the employee, as was true here, is tried first and in that trial it is determined that the employee suffered a compensable injury, that decision will not be conclusive against the insurer in the trial of the second suit. Since the physician and hospital were not parties in the case first tried, they are not concluded by the judgment; and because the estoppels of a judgment must be mutual, the prior judgment is not available as an adjudication either against them or in favor of them. Masterson v. Harris, 107 Tex. 73, 87, 174 S.W. 570; Galveston Chamber of Commerce v. Railroad Commission, Tex.Civ.App., 137 S.W. 737, 746; Davis v. First National Bank, 139 Tex. 36, 46, 161 S.W.2d 467; Keokuk & W. R. Co. v. Scotland County Ct., 152 U.S. 318, 14 S.Ct. 605, 38 L.Ed. 457; 30 Am.Jur. pp. 951, 952, Section 220. And it is also true, of course, that if the employee's suit is first tried and it is decided therein that he did not suffer a compensable injury, the physician and hospital will not be concluded by that judgment in the trial of their suit."

The Company relies principally on Texas Casualty Insurance Company v. Beasley,

391 S.W.2d 33 (Supreme Court 1965) which held:

"Claims for expenses incurred for medical and hospital services may be prosecuted by the injured workman or by owners of the claims, and right of recovery may be adjudicated by the Board and by the courts in the same or in entirely separate proceedings and suits. Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Tex. 23, 169 S.W.2d 969 (1943). In this case the Board made only one award. It directed Texas Casualty to make payment to the owners of the claims for medical and hospital services and to pay certain compensation benefits to Beasley. The Board's award was vacated when Texas Casualty filed its suit to set the award aside, and its liability for payment of the medical and hospital expenses could only be established by cross-action. The owners of the claims did not file a cross-action. Beasley did. In his cross-action Beasley alleged that he was obligated to pay the expenses and he sought recovery of the amount thereof. We need not decide whether a lack of diligence by Beasley in filing his claim for compensation would have defeated a suit by the owners had they sought recovery on their claims for medical and hospital services. That is not the case before us. We are well convinced, however, that if an injured employee pays such expenses, or recognizes his obligation therefor and sues for them and the owners are content to look alone to him for payment, such expenses become a part of his claim for compensation within the meaning of sec. 4a, Art. 8307 and are barred when his claim for weekly compensation benefits is barred.

The Act of 1957 also added a new paragraph to section 5 of Art. 8307. As pertinent here, the new paragraph provides that an award of the Industrial Accident Board or a judgment of a court shall not include any cost or expense of medical or hospital services not actually furnished to an injured employee prior to the date of the award or judgment, and makes the first final award or judgment res judicata of the insurer's liability for all such expense which could have been claimed up to the date of the award or judgment and of the issue that the injury of the employee is subject to the provisions of the compensation law with respect to such items."

Lancaster recognized his obligation for the hospital bills and had his day in court on these issues and lost. The hospital participated in his trial as a witness in establishing its claim. The hospital was kept informed about the progress of its claim by Lancaster's attorneys from the beginning until the adverse judgment was rendered. The statute referred to in Beasley and the Beasley case are considered authority for affirming the judgment.

The court did not err in holding the judgment in Lancaster v. Houston Fire and Casualty Insurance Company res judicata of the hospital claim and in rendering summary judgment for the Company. Associated Indemnity Corporation v. Peel, 157 S.W.2d 416 (Tex.Civ.App.1941–Dism.). Harleysville Mutual Insurance Company v. Frierson, 455 S.W.2d 370 (Tex.Civ.App. 1970–no writ hist.) and Texas Casualty Insurance Company v. Beasley, supra.

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.